## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01396-CMA-KLM

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br>STATE OF COLORADO, *ex rel.*<br>JOHN W. SUTHERS, ATTORNEY GENERAL, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| RUSSELL T. DALBEY, et al., | )<br>) |
| Defendants. | )<br>) |

---

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT MARSHA KELLOGG

---

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State of Colorado (collectively "Plaintiffs") filed a Complaint for permanent injunction and other equitable relief against several defendants, including Marsha Kellogg. With respect to Defendant Marsha Kellogg, Plaintiffs allege violations of Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), and the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101 through 115 (2009) ("CCPA").

In settlement of Plaintiffs' allegations and claims contained in the aforementioned Complaint, Plaintiffs and Defendant Marsha Kellogg ("Stipulating Defendant") stipulate to entry of this Stipulated Final Order for Permanent Injunction ("Order") as follows:

## FINDINGS

1.      This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties to this Order.  Venue in the District of Colorado is proper.

2.      The acts and practices of Stipulating Defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

3.      With respect to Stipulating Defendant, the Complaint states a claim upon which relief can be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b), and under the Colorado Consumer Protection Act ("CCPA"), COLO. REV. STAT. § 6-1-105(1)(e), (u).  Plaintiffs have the authority to seek the relief they have requested.

4.      Stipulating Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Stipulating Defendant also waives any claim that she may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

5.      This Order reflects the negotiated agreement of Plaintiffs and Stipulating Defendant, and Stipulating Defendant has entered into this Order freely and without coercion.

6.      Plaintiffs and Stipulating Defendant stipulate and agree to entry of this Order under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and under the CCPA, COLO. REV. STAT. § 6-1-110, without trial or final adjudication of any issue of fact or law.  Plaintiffs and Stipulating Defendant acknowledge that each party has agreed to the entry of this Order solely for settlement purposes.  Other than jurisdictional facts, nothing contained in this Order shall constitute: an admission or concession by Stipulating Defendant; evidence supporting any of the

allegations of fact or law set forth in the Complaint; or evidence supporting a violation of any state or federal law, rule or regulation, or any other liability or wrongdoing of any kind. ***Provided however,*** that nothing in this paragraph shall limit the Commission or the Colorado Attorney General's Office from relying on this Order for the purpose of enforcing it against Stipulating Defendant.

7.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law.

8.    The Parts of this Order shall be read as the necessary requirements for compliance and not as alternatives for compliance, and no paragraph serves to modify another paragraph unless expressly so stated.

9.    Each party shall bear its own costs and attorneys' fees.

10.   Entry of this Order is in the public interest.

## ORDER

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.    **"Plaintiffs"** shall mean (a) the Federal Trade Commission, and (b) the State of Colorado, as represented by the Colorado Attorney General's Office.

2.    **"Stipulating Defendant"** shall mean Marsha Kellogg.

3.    **"Material Connection"** shall mean any relationship that might materially affect the weight or credibility of any testimonial and that would not be reasonably expected by consumers.

4.      "**Promissory note(s)**" shall mean any contract, agreement, or commitment by one party to pay another party a sum of money over time or on demand, including cash flow notes; leases; pensions; mortgages; deeds of trust; lottery winning payouts; car, motorcycle, boat, or airplane payments; structured settlements; annuities; and viatical settlements.

5.      "**Testimonial**" shall mean "endorsement," as endorsement is defined in 16 C.F.R. § 255.0(b). The two terms shall be treated identically in this Order, pursuant to 16 C.F.R. § 255.0(c).

6.      A requirement that Stipulating Defendant "**notify**," "**furnish**," "**provide**," or "**submit**" to the Commission shall mean that Stipulating Defendant shall send, unless otherwise directed by the Commission's authorized representatives, the necessary information via **overnight courier** (not the U.S. Postal Service), costs prepaid, to:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, DC 20580
> Attn: FTC v. Russell T. Dalbey, et al.

*Provided* that, in lieu of overnight courier, Stipulating Defendant may send such reports or notifications by first-class mail, but only if Stipulating Defendant contemporaneously sends an electronic version of such report or notification to the Commission at Debrief@ftc.gov.

7.      A requirement that Stipulating Defendants "**notify**," "**furnish**," "**provide**," or "**submit**" to the Colorado Attorney General's office, shall mean that Stipulating Defendants shall send, unless otherwise directed by the Colorado Attorney General's authorized

representatives, the necessary information via **overnight courier** (not the U.S. Postal Service),

costs prepaid, to:

> Colorado Attorney General
> Attn: Consumer Fraud Unit (Re: Russell T. Dalbey)
> 1525 Sherman Street, 7th Floor
> Denver, Colorado 80203

*Provided* that, in lieu of overnight courier, Stipulating Defendants may send such

reports or notifications by first-class mail, but only if Stipulating Defendants contemporaneously

send an electronic version of such report or notification to the Colorado Attorney General's

Office at stop.fraud@state.co.us and Jay.Simonson@state.co.us.

    8.    The terms **"and"** and **"or"** in this Order shall be construed conjunctively or

disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than

exclusive.

    9.    The term **"including"** in this Order shall mean "including without limitation."

    10.    To compute a time period stated in days:

        a.    exclude the day of the event that triggers the period;

        b.    count every day, including intermediate Saturdays, Sundays, and federal holidays; and

        c.    include the last day of the period, but if the last day is a Saturday, Sunday, or federal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or federal holiday.

## I. PROHIBITED PRACTICES

**IT IS THEREFORE ORDERED** that Stipulating Defendant and her officers, agents, servants, employees, attorneys, and those persons in active concert or participation with her who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, or other device, when making oral or written statements or providing documentation that will be used, or may be used, by any third party in connection with the advertising, promotion, marketing, offering for sale, sale, or distribution of such third party's products, programs, or services, including any business, money-making, or investment opportunities or ventures (including products, programs, or services purported to teach consumers to find, list, broker, or earn income from promissory notes), including through the use of testimonials, in or affecting commerce, are hereby permanently restrained and enjoined from misrepresenting, directly or indirectly, expressly or by implication:

    A.    The length of time it takes to broker, transact, close, buy, or sell a promissory note;

    B.    The amount of income, earnings, revenues, or profits attained by, or expenses incurred in, brokering, transacting, closing, buying, or selling promissory notes;

    C.    The ease with which individuals can find holders of promissory notes;

    D.    The ease with which, speed by which, or extent to which individuals can succeed in the business of brokering, transacting, closing, buying, or selling promissory notes;

E.    Any material connection (including where an individual or entity provides the testimonialist with compensation, access to promissory note leads not generally made available to non-testimonialists, and reimbursement of money paid for materials, workshops, seminars, boot camps, programs, or services) by failing to disclose the material connection in any oral or written statement; or

F.    Any other fact material to a consumer's decision to purchase any product or service, including representations about the benefits, performance, or efficacy of any products, programs, or services.

## II.  AFFIRMATIVE OBLIGATIONS

**IT IS FURTHER ORDERED** that Stipulating Defendant and her officers, agents, servants, employees, attorneys, and those persons in active concert or participation with her who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, or other device, after having made oral or written statements or provided documentation that has been used, will be used, or may be used, by any third party in connection with the advertising, promotion, marketing, offering for sale, sale, or distribution of such third party's products, programs, or services, including any business, money-making, or investment opportunities or ventures (including products, programs, or services purported to teach consumers to find, list, broker, or earn income from promissory notes), are hereby restrained and enjoined from failing to:

A.    Amend or withdraw any statement or document if, at any point:

1.      Stipulating Defendant learns that the statement or document is used in a manner that is false, deceptive, misleading, unsubstantiated, or otherwise materially inaccurate; or

2.      Stipulating Defendant's opinions, beliefs, findings, or experiences change such that the previously offered statement or document is rendered false, deceptive, misleading, unsubstantiated, or otherwise materially inaccurate; and

B.      In the event that an obligation arises pursuant to Subpart II.A, notify any individual or entity that has used, will use, or may use such statement or document that the statement or document is amended or withdrawn. In addition, Stipulating Defendant shall amend or withdraw any statement or document that includes content related to the counts against Stipulating Defendant in the aforementioned Complaint.

C.      Stipulating Defendant shall comply with Subpart II.B by sending a letter or email to any individual or to a principal, officer, managing member, or other manager or similarly situated employee overseeing the acquisition and/or use of testimonials, of any entity to which Stipulating Defendant provided oral or written statements or documentation. The letter or email shall: describe or identify the particular statement(s) or document(s) at issue or refer generally to all statements or documents ever provided by Stipulating Defendant; request that such statement(s) or document(s) be amended or withdrawn (i.e., request that the

individual or entity alter, delete, or cease dissemination of the statement(s) or document(s)); and include as an attachment a copy of this Order. Stipulating Defendant shall make such a request as soon as practicable, but no later than twenty (20) days after becoming aware of the use of the statement or document or the material change at issue in Subpart II.A.

## III. COOPERATION WITH PLAINTIFFS

**IT IS FURTHER ORDERED** that Stipulating Defendant shall, upon reasonable written notice by the Commission or the Colorado Attorney General's Office, reasonably and in good faith cooperate with the Commission and the Colorado Attorney General's Office in connection with this action or any subsequent investigations related to or associated with the acts or practices that are the subject of Plaintiffs' Complaint. Stipulating Defendant acknowledges, understands, and agrees that such cooperation shall include, but not be limited to, the following:

A.   Appearing for interviews as may reasonably be requested by the Commission or the Colorado Attorney General's Office at a location near Stipulating Defendant's residence, or at another location to which the parties mutually agree;

B.   Responding to all reasonable inquiries of the Commission or the Colorado Attorney General's Office;

C.   Providing all documents, records, and other tangible evidence reasonably requested by the Commission or the Colorado Attorney General's Office;

D.      Providing truthful declarations, affidavits, certifications, and written testimony that may be reasonably requested by the Commission or the Colorado Attorney General's Office; and

E.      Appearing and providing truthful testimony at any trial, deposition, or other proceeding.  Stipulating Defendant agrees to accept service of any subpoena to appear and provide testimony in such proceedings and will accept such service at the address provided to the Commission at her Investigative Hearing on February 3, 2010, or at such subsequent address as she reports pursuant to Subpart V.A.1.a.

Stipulating Defendant's failure to cooperate as required herein constitutes a material breach of the settlement between the parties and a violation of this Order.

## IV. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.      Within twenty (20) days of receipt of written notice from a representative of the Commission or the Colorado Attorney General's Office, Stipulating Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; and appear for deposition;

B.      The Commission and the Colorado Attorney General's Office are each authorized to use all other lawful means, including obtaining discovery from any person,

without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69; and

C.      Stipulating Defendant shall permit representatives of the Commission and the Colorado Attorney General's Office to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

*Provided further however,* that nothing in this Order shall limit the Colorado Attorney General's Office's lawful use of its subpoena and other powers, pursuant to COLO. REV. STAT. §§ 6-1-107 and 6-1-108 to obtain any documentary material, tangible things, testimony, or information relevant to deceptive trade practices (within the meaning of COLO. REV. STAT. § 6-1-105).

## V. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.      For a period of three (3) years from the date of entry of this Order,

1.  Stipulating Defendant shall notify the Commission and the Colorado Attorney General's Office of the following:

    a.  Any changes in Stipulating Defendant's residence, mailing addresses, and telephone numbers, within twenty (20) days of the date of such change;

    b.  Any changes in Stipulating Defendant's employment status (including self-employment), and any change in Stipulating Defendant's ownership in any business entity, within twenty (20) days of the date of such change. Such notice shall include the name and address of each business that Stipulating Defendant is employed by, receives compensation from, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Stipulating Defendant's duties and responsibilities in connection with the business or employment; and

    c.  Any changes in Stipulating Defendant's name or use of any aliases or fictitious names within twenty (20) days of the date of such change;

2.  Stipulating Defendant shall notify the Commission and the Colorado Attorney General's Office of any changes in any business entity that Stipulating Defendant directly or indirectly controls, or has an ownership

- 12 -

interest in, that may affect compliance obligations arising under this Order, including:  incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Stipulating Defendant learns less than thirty (30) days prior to the date such action is to take place, Stipulating Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge; and

3.    Within thirty (30) days of publication or dissemination and to the extent available to Stipulating Defendant, Stipulating Defendant shall provide to the Commission and the Colorado Attorney General's Office a copy of any advertisement, promotional material, marketing material, or sales offer by a third party, whether through paper, electronic, video, audio, or other means, including commercials, infomercials, emails, direct mail, and websites, that includes oral or written statements made by Stipulating Defendant after entry of this Order, or that references or depicts Stipulating Defendant or any documentation provided by Stipulating Defendant after entry of this Order;

B.    Ninety (90) days after the date of entry of this Order, Stipulating Defendant shall

provide a written report to the FTC, which is true and accurate and sworn to under

penalty of perjury, setting forth in detail the manner and form in which she has

complied and is complying with this Order.  This report shall include, but not be

limited to:

    1.    Stipulating Defendant's then-current residence address, mailing addresses,

    and telephone numbers;

    2.    Stipulating Defendant's then-current employment status (including self-

    employment), including the name, addresses, and telephone numbers of

    each business that Stipulating Defendant is affiliated with, employed by,

    or performs services for; a detailed description of the nature of the

    business; and a detailed description of Stipulating Defendant's duties and

    responsibilities in connection with the business or employment;

    3.    A copy of Stipulating Defendant's acknowledgment of receipt of this

    Order, obtained pursuant to Part VII (Distribution of Order);

    4.    Any other changes required to be reported under Subpart V.A; and

C.    For purposes of the compliance reporting and monitoring required by this Order,

Plaintiffs are authorized to communicate directly with Stipulating Defendant.

## VI. RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of

this Order, Stipulating Defendant, for any business for which Stipulating Defendant, individually

- 14 -

or collectively, is the majority owner or directly or indirectly controls, or for any other business or any of its divisions, subsidiaries, affiliates, successors, and assigns:

A.   In which Stipulating Defendant has made oral or written statements or provided documentation that have been used, will be used, or may be used by any third party in connection with the advertising, promotion, marketing, offering for sale, sale, or distribution of such third party's products, programs, or services, including any business, money-making, or investment opportunities or ventures (including products, programs, or services purported to teach consumers to find, list, broker, or earn income from promissory notes), including through the use of *testimonials, is hereby restrained and enjoined from failing to create or acquire,* and retain, the following records:

    1.   To the extent they are relevant to a statement or document used or provided by Stipulating Defendant for the purpose of a testimonial, any written statement or document provided for the purpose of a testimonial, itemized accounting records that reflect the cost of goods or services sold, revenues generated, expenses incurred, and the disbursement of such revenues to any vendors or agents;

    2.   Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by Stipulating Defendant or Stipulating Defendant's business, including as an independent contractor; that person's job title or position; the date upon which the

- 15 -

person commenced work; the date and reason for the person's termination, if applicable; and the amount of compensation disbursed to the person, ***provided however,*** that Stipulating Defendant must comply with the requirements in this Paragraph (Subpart VI.A.2) only if the person employed by Stipulating Defendant generates any income, earnings, revenues, profits, expenses, or costs that relate to the content of any testimonial offered by Stipulating Defendant for use by any individual or entity, including any entity that Stipulating Defendant owns or directly or indirectly controls.

3.  *Any letter or email that Stipulating Defendant sends pursuant to Part II of this Order;*

4.  Any materials that Stipulating Defendant is required to provide to Plaintiffs pursuant to Subpart V.A.3 of this Order; and

B.  Is further restrained and enjoined from failing to create or acquire, and retain all other records and documents necessary to demonstrate full compliance with each provision of this Order, including copies of acknowledgments of receipt of this Order required by Part VII (Distribution of Order) and Part VIII (Acknowledgment of Receipt of Order) and all reports submitted to the Commission or the Colorado Attorney General's Office pursuant to Part V (Compliance Reporting).

## VII. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Stipulating Defendant shall deliver copies of the Order as directed below:

A.    For any business that Stipulating Defendant controls, directly or indirectly, or in which Stipulating Defendant has a majority ownership interest, Stipulating Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business who engage in conduct related to the subject matter of the Order; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subpart V.A.2. For current personnel, delivery shall be within seven (7) days of service of this Order upon Stipulating Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subpart V.A.2, delivery shall be at least ten (10) days prior to the change in structure;

B.    For any business where Stipulating Defendant is not a controlling person of that business but otherwise engages in conduct related to the subject matter of this Order, including providing oral or written statements or documentation that have been used, will be used, or may be used in a testimonial, Stipulating Defendant must deliver a copy of this Order to a principal, officer, managing member, or

other manager or similarly situated employee overseeing the acquisition and/or use of testimonials, before engaging in such conduct; and

C.     Within thirty (30) days of delivery and prior to engaging in any conduct related to the subject matter of this Order, Stipulating Defendant must secure a signed and dated statement acknowledging receipt of the Order from all persons receiving a copy of the Order pursuant to this Part (Part VII).

## VIII. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Stipulating Defendant, within seven (7) days of receipt of this Order as entered by the Court, must submit to the Commission and the Colorado Attorney General's Office a truthful sworn statement acknowledging receipt of this Order.

## IX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**:

Dated: _____6|6|11_____

 

_Christie M Argue_

UNITED STATES DISTRICT JUDGE

**SO STIPULATED**:

_David P. Frankel_

DAVID P. FRANKEL
ALYSA S. BERNSTEIN
MICHELLE R. ROSENTHAL
600 Pennsylvania Avenue, NW
Federal Trade Commission
Washington, DC 20580
Tel. 202-326-2812, 3289, 3335
Fax. 202-326-3259
dfrankel@ftc.gov
abernstein@ftc.gov
mrosenthal@ftc.gov

MARSHA KELLOGG
STIPULATING DEFENDANT

_Jay B. Simonson_

JAY B. SIMONSON
First Assistant Attorney General
1525 Sherman Street, 7th Floor
Denver, Colorado 80203
Tel. 303-866-5162
Fax. 303-866-4916
Jay.Simonson@state.co.us

CLAYTON S. FRIEDMAN
MICHAEL YAGHI
MANATT PHELPS & PHILLIPS, LLP
695 Town Center Drive, Fourteenth Floor
Costa Mesa, CA 92626
Tel. 714.371.2500
Fax. 714.371.2550

ATTORNEYS FOR STIPULATING
DEFENDANT

ATTORNEYS FOR PLAINTIFFS

**SO ORDERED:**

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED:**

_____

DAVID P. FRANKEL
ALYSA S. BERNSTEIN
MICHELLE R. ROSENTHAL
600 Pennsylvania Avenue, NW
Federal Trade Commission
Washington, DC 20580
Tel.  202-326-2812, 3289, 3335
Fax.  202-326-3259
dfrankel@ftc.gov
abernstein@ftc.gov
mrosenthal@ftc.gov

_____
MARSHA KELLOGG
STIPULATING DEFENDANT

_____
CLAYTON S. FRIEDMAN
MICHAEL YAGHI
MANATT PHELPS & PHILLIPS, LLP
695 Town Center Drive, Fourteenth Floor
Costa Mesa, CA 92626
Tel.  714.371.2500
Fax.  714.371.2550

ATTORNEYS FOR STIPULATING
DEFENDANT

_____

JAY B. SIMONSON
First Assistant Attorney General
1525 Sherman Street, 7th Floor
Denver, Colorado 80203
Tel.  303-866-5162
Fax.  303-866-4916
Jay.Simonson@state.co.us

ATTORNEYS FOR PLAINTIFFS