# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-1396-RBJ-KLM

FEDERAL TRADE COMMISSION and )
STATE OF COLORADO, ex. rel. )
JOHN W. SUTHERS, ATTORNEY GENERAL )
)
        Plaintiffs, )
)
v. )
)
RUSSELL T. DALBEY; )
DEI, LLLP; )
DALBEY EDUCATION INSTITUTE, LLC; )
IPME, LLLP; and )
CATHERINE L. DALBEY )
)
        Defendants. )

---

# STIPULATED ORDER FOR PRELIMINARY INJUNCTION
# AND OTHER EQUITABLE RELIEF AS TO DEFENDANT RUSSELL T. DALBEY

---

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State of Colorado, acting through Colorado Attorney General John Suthers (collectively "Plaintiffs"), filed a Complaint for Permanent Injunction and Other Equitable Relief against Defendants Russell T. Dalbey; DEI, LLLP; Dalbey Education Institute, LLC; IPME, LLLP; Catherine L. Dalbey; and Marsha Kellogg pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b; the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108; and the Colorado Consumer Protection Act ("CCPA"), COLO. REV. STAT. §§ 6-1-101 through 115, alleging violations of Section 5(a) of FTC Act, 15 U.S.C. § 45(a), the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the CCPA, COLO. REV. STAT. § 6-1-105(1)(e) and (u).

Plaintiffs also have filed a Motion for a Preliminary Injunction and Other Equitable Relief ("Motion") against Defendants Russell T. Dalbey; DEI, LLLP; Dalbey Education Institute, LLC; and IPME, LLLP ("Defendants") seeking preliminary relief in connection with some of the acts and practices alleged in the Complaint.

The Court, being advised in the premises, finds as follows:

## **FINDINGS**

1.   This Court has jurisdiction over the subject matter of this case and jurisdiction over all stipulating parties.  Venue in the District of Colorado is proper.

2.   The acts and practices of Stipulating Defendant is in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

3. The Complaint states a claim upon which relief can be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b), and the CCPA, COLO. REV. STAT. §§ 6-1-101 through 115. Plaintiffs have the authority to seek the relief they have requested.

4. Defendant Russell T. Dalbey stipulates to the entry of the following relief during the pendency of this action.

5. By entering into this preliminary injunction, Stipulating Defendant does not admit or deny any of the allegations set forth in the Complaint, other than jurisdictional facts.

6. No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

7. This preliminary injunction and other relief are in the public interest.

## ORDER

## DEFINITIONS

1. "**Plaintiffs**" shall mean (a) the Federal Trade Commission, and (b) the State of Colorado, as represented by the Colorado Attorney General's Office.

2. "**Stipulating Defendant**" shall mean Russell T. Dalbey.

3. "**Advertisement**" shall mean any written or verbal statement, illustration, or depiction designed to effect a sale or create interest in the purchasing of products or services, whether it appears in a brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, packaging, package insert, label, film, slide, radio, television or cable television, audio program transmitted over a

telephone system, program-length commercial ("infomercial"), the Internet, email, text message, press release, video news release, or in any other medium.

    4.    "**Clear(ly) and prominent(ly)**" shall mean:

        a.    In textual communications (*e.g.*, printed publications or words displayed on the screen of a computer or hand-held device), the required disclosures or headings are of a type, size, and location sufficiently noticeable for an ordinary consumer to read and comprehend them, in print that contrasts with the background on which they appear, and shall appear at least as large as the largest type displayed on the screen, web page, or printed publication;

        b.    In communications disseminated orally or through audible means (*e.g.*, radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them;

        c.    In communications disseminated through television, video, or streaming video (*e.g.*, a commercial or "**infomercial**"), the required disclosures shall be delivered both orally and in writing. The audio disclosures shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them, and in close proximity to the statements that trigger the disclosure. The written disclosures shall be in a form consistent with Subpart (a.) of this definition; shall appear in close proximity to the statements that trigger the disclosure; and shall appear on the screen for three (3)

          seconds or longer, whichever is sufficient for an ordinary consumer to read and comprehend them;

    d.    In communications made through interactive media, such as the Internet, online services, and software, the required disclosures are unavoidable, not accessed through hyperlinks or pop-ups, and presented in a form consistent with Subpart (a.) of this definition.

5.    "**Commerce**" shall mean as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.    "**Commission**" shall mean the Federal Trade Commission.

7.    "**Infomercial**" shall mean any written or verbal statement, illustration, or depiction that is 90 seconds or longer in duration that is designed to effect a sale or create interest in any product, program, or service purported to teach consumers to find, list, broker, or earn income from promissory notes, which appears in any media, including but not limited to radio, television, and the Internet.

8.    "**Promissory note(s)**" shall mean any contract, agreement, or commitment by one party to pay another party a sum of money over time or on demand, including cash flow notes; leases; pensions; mortgages; deeds of trust; lottery winning payouts; car, motorcycle, boat, or airplane payments; structured settlements; annuities; and viatical settlements.

9.    "**Testimonial**" shall mean "endorsement," as endorsement is defined in 16 C.F.R. § 255.0(b).  The two terms shall be treated identically in this Order, pursuant to 16 C.F.R. § 255.0(c).

10.    The terms "**and**" and "**or**" in this Order shall be construed conjunctively or

disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

11. The term "**including**" in this Order shall mean "including without limitation."

12. To compute a time period stated in days:

    a. exclude the day of the event that triggers the period;

    b. count every day, including intermediate Saturdays, Sundays, and federal holidays; and

    c. include the last day of the period, but if the last day is a Saturday, Sunday, or federal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or federal holiday.

## I. PROHIBITED REPRESENTATIONS

**IT IS THEREFORE ORDERED** that Stipulating Defendant and his officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, testimonial, or other device, in connection with the advertising, promotion, marketing, offering for sale, sale, or distribution of any products, programs, or services purported to teach consumers how to find, list, broker, or earn income from promissory notes, in or affecting commerce, are hereby restrained and enjoined from representing, directly or indirectly, expressly or by implication:

      A.      that consumers are likely to quickly or easily find, list, or broker promissory notes, including through the use of a time-limited money-back guarantee;

      B.      that consumers are likely to quickly or easily earn substantial amounts of money, including through the use of a time-limited money-back guarantee; and

      C.      that consumers are likely to earn substantial amounts of money.

## II. ADVERTISING DISCLOSURE

**IT IS FURTHER ORDERED** that Stipulating Defendant and his officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, testimonial, or other device, in connection with the advertising, promotion, marketing, offering for sale, sale, or distribution of any products, programs, or services purported to teach consumers to find, list, broker, or earn income from promissory notes, in or affecting commerce, shall:

    A.    In all advertising except for infomercials, clearly and prominently disclose the statement "**Most of our customers will earn little or no money**"; and

    B.    For each infomercial over five minutes in duration,

        1.    Clearly and prominently disclose the statement "**Most of our customers will earn little or no money**" (a) after the first minute but prior to the third minute, and (b) immediately prior to the last Call to Action; and

      2.      Each time Stipulating Defendant makes a claim covered by Subpart I.A., B., or C. of this Order, including through the use of a testimonial, clearly and prominently disclose the statement "**Most of our customers will earn little or no money**." ***Provided, however,*** this statement need not be disclosed more frequently than every five minutes, except as required in Subpart II.B.1 of this Order; and

  C.      For each infomercial five minutes or shorter in duration,

      1.      Clearly and prominently disclose the statement "**Most of our customers will earn little or no money**" immediately prior to the last Call to Action; and

      2.      For any claim covered by Subpart I.A., B., or C. of this Order, including through the use of a testimonial, clearly and prominently disclose the statement "**Most of our customers will earn little or no money**." ***Provided, however,*** that the statement need not be made more than one time, excluding that which is required in Subpart II.C.1 of this Order.

### III. RECORDING SALES CALLS/ RECORD KEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendant and his officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, testimonial, or other device, shall:

    A.    Record all sales calls and retain such recordings; and

    B.    Retain copies of all telephone scripts, training materials, disseminated advertisements, or other marketing materials.

## IV. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that Stipulating Defendant and his officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, testimonial, or other device, in connection with the advertising, promotion, marketing, offering for sale, sale, or distribution of any products, programs, or services purported to teach consumers to find, list, broker, or earn income from promissory notes, in or affecting commerce, shall:

    A.    Submit to the Commission each modified infomercial and telephone script within five (5) days of its first dissemination (for infomercials) or use (for telephone scripts). Accompanying such submission shall be a detailed description of the modification(s) from the previous version of such infomercial or telephone script, and for an infomercial shall include the relevant time stamp of each modification, and for a telephone script shall include the page and line number of each modification. ***Provided, however,*** this Subpart IV.A shall not apply when the only modification of an infomercial is the Call To Action.

    B.    Notify the Commission in writing of any material modification(s) to Stipulating Defendant's websites or the addition of any new website within

three (3) days of such modification or addition. Such notification shall include a detailed description of the modification to the previous version of a website including the domain name and each URL where the modification(s) occur(s), or for a new website, shall include the URL.

C. Upon reasonable request, submit to the Commission any other advertisement, including recordings of telephone calls with consumers, within five (5) days of such request.

## V. COMPLIANCE MONITORING OF SALES PERSONNEL

**IT IS FURTHER ORDERED** that Stipulating Defendant and his officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, testimonial, or other device, in connection with the advertising, promotion, marketing, offering for sale, sale, or distribution of any products, programs, or services purported to teach consumers to find, list, broker, or earn income from promissory notes, shall:

A. Take steps sufficient to monitor and ensure that all employees, agents, and independent contractors engaged in sales or other customer service functions comply with Parts I and II.  Such steps shall include adequate monitoring of calls with existing and prospective customers, and shall also include, at a minimum, the following:  (1) listening to the oral representations made by persons engaged in sales or other customer service functions, (2) establishing a procedure for receiving and

        responding to consumer complaints, and (3) ascertaining the number and nature of consumer complaints regarding transactions in which each employee or independent contractor is involved; ***provided however,*** that this Paragraph (Subpart V.A) does not authorize or require the Stipulating Defendant to take any steps that violate any federal, state, or local laws;

B.     Assign a person responsible for compliance with Parts I and II;

C.     Promptly and fully investigate any complaint received by any business to which this Part V applies; and

D.     Take corrective action with respect to any salesperson Stipulating Defendant determine is not complying with this Order, which may include training, disciplining, and terminating such salesperson.

## VI. PROHIBITED DISCLOSURE OF CONSUMER LISTS

**IT IS FURTHER ORDERED** that Stipulating Defendant and his officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, testimonial, or other device, are hereby restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who has paid any money to any Defendant in connection with the advertising, promotion, marketing, offering for sale, sale, or distribution of any products, programs, or services purported to teach consumers to find, list, broker, or earn income from promissory notes, in or affecting commerce. ***Provided,***

***however,*** that Stipulating Defendant may disclose such identifying information to a law enforcement agency, including Plaintiffs in this case, or as required by any law, regulation, or court order.

## VII.  SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile, personal or overnight delivery, or U.S. Express mail, by agents and employees of the Plaintiffs or by private process server, on Stipulating Defendant or any other person or entity that may be subject to any provision of this Order.

## VIII.  DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that Stipulating Defendant shall immediately provide a copy of this Order to his officers, directors, managers, supervisors, testimonialists, attorneys, and those persons or entities in active concert or participation with them, and within seven (7) days from the date of entry of this Order, shall submit to the Commission, a sworn affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that Stipulating Defendant has served with a copy of this Order in compliance with this Part VIII.

## IX.  EXPIRATION OF THIS ORDER

**IT IS FURTHER ORDERED** that this Preliminary Injunction shall continue in full force and effect until the conclusion of this case or upon further order of this Court.

## X.     CORRESPONDENCE WITH PLAINTIFFS

**IT IS FURTHER ORDERED** that for the purposes of this Order, all service on and correspondence with the Plaintiffs shall be sent via Federal Express or by email addressed to:

David P. Frankel
Alysa S. Bernstein
Michelle R. Rosenthal
Federal Trade Commission
600 Pennsylvania Ave., NW
Room NJ-3212
Washington, DC  20580
Re: FTC v. Russell T. Dalbey, et al.
dfrankel@ftc.gov
mrosenthal@ftc.gov
abernstein@ftc.gov

(Rest of page intentionally left blank)

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED:**

Dated: October 11, 2011                            _____

UNITED STATES DISTRICT JUDGE

**SO STIPULATED**:

_____
DAVID P. FRANKEL
ALYSA S. BERNSTEIN
MICHELLE R. ROSENTHAL
600 Pennsylvania Avenue, NW
Federal Trade Commission
Washington, DC 20580
Tel. 202-326-2812, 3289, 3335
Fax. 202-326-3259
dfrankel@ftc.gov
abernstein@ftc.gov
mrosenthal@ftc.gov

_____
JAY B. SIMONSON
First Assistant Attorney General
1525 Sherman Street, 7th Floor
Denver, Colorado 80203
Tel. 303-866-5162
Fax. 303-866-4916
mailto:anthony.labruna@usdoj.govJay.Simonson@state.co.us

ATTORNEYS FOR PLAINTIFF

_____
RUSSELL T. DALBEY

_____
PAUL R. BROWN
J. DINO VASQUEZ
KARR TUTTLE CAMPBELL
1201 3rd Avenue, Suite 2900
Seattle, Washington 98101
Tel: 206-223-1313
Fax: 206-682-7100
pbrown@karrtuttle.com
dvasquez@karrtuttle.com

KENZO KAWANABE
DAVIS, GRAHAM & STUBBS
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202
(303) 892-9400 (phone)
(303) 893-1379 (fax
Kenzo.Kawanabe@dgslaw.com

ATTORNEYS FOR STIPULATING DEFENDANT