IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01396-RBJ-KLM

FEDERAL TRADE COMMISSION and
STATE OF COLORADO, *ex rel.* JOHN W. SUTHERS, ATTORNEY GENERAL,

    Plaintiffs,

v.

RUSSELL T. DALBEY,
DEI, LLLP,
DALBEY EDUCATION INSTITUTE, LLC,
IPME, LLLP,
CATHERINE L. DALBEY, and
MARSHA KELLOGG,

    Defendants.
_____

# ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Plaintiffs' **Motion for Sanctions in Connection with Defendants' Failure to Produce Their Expert Witness, Stephen M. Nowlis, Ph.D., for His Duly-noticed and Agreed-upon Deposition** [Docket No. 110; Filed September 29, 2011] (the "Motion"). On October 20, 2011, Defendants Russell and Catherine Dalbey (collectively, the "Dalbeys") filed a Response [#124]. On October 28, 2011, Plaintiffs filed a Reply [#126]. The Motion is ripe for resolution. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

This matter involves a civil action by Plaintiffs Federal Trade Commission and the State of Colorado against Defendants based on the alleged use of false and deceptive

advertising to market certain products and services.  *See generally Compl.* [#1].  The Dalbey Defendants operated three entities, Defendants DEI, LLLP, Dalbey Education Institute, LLC, and IPME, LLLP (the "Entity Defendants"), all of which filed for bankruptcy on September 21, 2011.  *See Joint Status Report* [#122] at 1.

The framework for the present dispute is adequately set forth in the parties' briefing on the Motion.  *See Motion* [#110-1] at 4-12; *Response* [#124] at 2-4.  In summary, Plaintiffs contend that the deposition of Defendants' expert witness, Stephen M. Nowlis, Ph.D. ("Nowlis") was set on September 6, 2011, by subpoena, after the parties agreed on a September 23, 2011 deposition date.  *See Declaration of David P. Frankel* [#110-2] at 1-2 and Ex. 1 (Notice of Taking the Deposition of Stephen M. Nowlis, Ph.D. and Subpoena to Testify at Deposition).  Late on September 21, 2011, new counsel for the Dalbey Defendants informed Plaintiffs' counsel by letter received at 7:21 p.m. Eastern time that the Entity Defendants had filed for bankruptcy, that this caused an automatic stay of the litigation, and that they were cancelling Nowlis' deposition.  *See id.* at 2 and Ex. 3 (E-mail from Secretary to Attorney J. Dino Vasquez) and Ex. 4 (Letter from J. Dino Vasquez). Defendants did not file a motion to quash or modify the subpoena in connection with the request to cancel Nowlis' deposition.  Plaintiffs aver that they immediately tried to call the signatories on the letter, but Defendants' counsel were unavailable so messages were left. *See id.* at 3-5.  The Dalbey Defendants' counsel attempted to contact Plaintiffs' counsel the next day at 4:19 p.m. Eastern time by e-mail, but Plaintiffs were already en route to San Francisco for the scheduled deposition.  *See id.* at 6.   Nowlis also traveled to San Francisco, although neither he nor the Dalbey Defendants' counsel appeared at the deposition.  *See id.* at 8.  As sanctions for their non-appearance, Plaintiffs request

reimbursement for their travel-related expenses to and from the deposition, lost time for those trips, fees associated with the court reporter, and the fees and costs associated with filing this Motion.  *See Motion* [#110-1] at 15-16.

The Dalbey Defendants contend that their new counsel was retained on September 21, 2011.  *See Response* [#127] at Amended Declaration of Paul Richard Brown, pp. 1-2. The new counsel state that they were aware of the deposition but unaware of an accompanying subpoena.  *See id.* at Amended Declaration of Paul Richard Brown, p. 2. They believe that the letter and the follow-up voice mail sent to opposing counsel were simply disregarded.  *See id.* at 3.

"The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court."  *Bowers v. Nat'l Collegiate Athletics Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007). Pursuant to Fed. R. Civ. P. 30(d)(2), "[t]he Court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."  *See, e.g.*, *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 4688836, at *8 (D. Kan. Oct. 6, 2011) (applying Fed. R. Civ. P. 30(d)(2) to counsel who violated Fed. R. Civ. P. 30(c)(2) by directing the deponent not to answer); *Deville v. Givaudan Fragrances Corp.*, 419 Fed. App'x 201, 209 (3d Cir. 2011) (affirming magistrate judge's imposition of sanctions pursuant to Fed. R. Civ. P. 30(d)(2) upon finding that attorney "testified on behalf of her witness by way of suggestive speaking objections"); *Craig v. St. Anthony's Medical Ctr.*, 384 Fed. App'x 531, 533 (8th Cir. 2010) (affirming district judge's award of sanctions pursuant to Fed. R. Civ. P. 30(d)(2) due to "a substantial

number of argumentative objections together with suggestive objections and directions to the deponent to refrain from answering questions without asserting a valid justification" pursuant to Fed. R. Civ. P. 30(c)(2)).  Further, according to the Advisory Committee's Note to the 1993 Amendments to Fed. R. Civ. P. 30(d), sanctions may be authorized "not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent . . . ."

Courts routinely award sanctions for a failure to appear at a properly-noticed deposition.  *See, e.g.*, *Billips v. NC Benco Steel, Inc.*, No. 5:10-CV-095-RLV-DCK, 2011 WL 3444161, at *6 (W.D.N.C. Aug. 8, 2011) (awarding sanctions pursuant to Fed. R. Civ. P. 30(d)(2) where "either Plaintiff appeared at his examination and contrary to the rules failed to proceed, or he failed to appear); *Miles v. Elliot*, No. 94-4669, 2011 WL 857320, at *8 (E.D. Pa. Mar. 10, 2011) (awarding sanctions pursuant to Fed. R. Civ. P. 30(d)(2) where designee failed to appear for his properly-noticed deposition); *Hill v. R+L Carriers Shared Servs., LLC*, No. C 09-01907 CW (MEJ), 2010 WL 4977763, at *4 (N.D. Cal. Dec. 2, 2010) (same).

Here, the circumstances underlying this Motion indicate that Defendants engaged in practices that improperly frustrated the fair examination of Nowlis.  Defendants gave late notice of the cancellation of their expert's deposition based on the Entity Defendants filing of bankruptcy and accompanying imposition of the automatic stay.  Defendants utterly failed to respect the fact that the individual Defendants had not filed bankruptcy and, accordingly, that there was no stay as to Plaintiffs' claims against them.  Further, Defendants' counsel failed to timely respond to Plaintiffs' counsel's attempts to speak to them and to obtain clarification prior to Plaintiffs' counsel traveling to San Francisco for the

deposition. Only when it was too late did Defendants' counsel adopt the tactic of claiming that the deposition was unnecessary because Defendants were conceding that a preliminary injunction should enter. The Court finds that this was disingenuous and ignored the fact that Plaintiffs' counsel had already incurred considerable expense to take Nowlis' deposition. Finally, even if Defendants' counsel could simply call Plaintiffs' counsel to cancel the deposition that had been set by subpoena, the extremely late notice is still grounds for sanctions. *See, e.g.*, *Societe Civile Succession Richard Guino v. Renoir*, 305 Fed. App'x 334, 338 (9th Cir. 2008) (imposing sanctions where deponent failed to appear at deposition and had not given notice that he could not attend until one day before the deposition was set to occur). Accordingly,

IT IS FURTHER **ORDERED** that the Defendant Dalbeys shall pay any costs associated with the deposition, including Plaintiffs' travel expenses and reasonable attorneys' fees associated therewith. In addition, the Defendant Dalbeys shall pay Plaintiffs' reasonable attorneys' fees incurred in drafting the Motion [#110] and Reply [#126]. Plaintiffs' counsel shall submit an affidavit as to fees and costs in accordance with D.C.COLO.LCivR 54.3 no later than **January 11, 2012**.

Dated: December 21, 2011

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge