IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01396-RBJ-KLM

FEDERAL TRADE COMMISSION and
STATE OF COLORADO, *ex rel.* JOHN W. SUTHERS, ATTORNEY GENERAL,

      Plaintiffs,

v.

RUSSELL T. DALBEY,
DEI, LLLP,
DALBEY EDUCATION INSTITUTE, LLC,
IPME, LLLP,
CATHERINE L. DALBEY, and
MARSHA KELLOGG,

      Defendants.

SUCCESSFUL LIVING, INC.,

      Interested Party.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' **Motion to Strike Defendant's Jury Demand and Several Affirmative Defenses, and Motion for a More Definite Statement With Respect to Some Affirmative Defenses** [Docket No. 120; Filed October 13, 2011] (the "Motion"). On November 3, 2011, Defendants Russell and Catherine Dalbey (collectively, the "Dalbeys") filed a Response [#128]. On November 10, 2011, Plaintiffs filed a Reply [#130]. The Motion is ripe for resolution.

## I.  Background

This matter involves a civil action by Plaintiffs Federal Trade Commission ("FTC") and the State of Colorado against Defendants based on the alleged use of false and deceptive advertising to market certain products and services.  *See generally Compl.* [#1]. The Dalbey Defendants operated three entities, Defendants DEI, LLLP, Dalbey Education Institute, LLC, and IPME, LLLP, all of which filed for bankruptcy on September 21, 2011. *See Joint Status Report* [#122] at 1.

The framework for the present dispute is adequately set forth in the parties' briefing on the Motion and the parties' Joint Status Report.  *See Motion* [#120-1] at 4-18; *Response* [#128] at 2-14; *Reply* [#130] at 2-11; *Joint Status Report* [#122] at 4-6.  In summary, Plaintiffs seek an Order striking Defendants' jury demand as well as several affirmative defenses. Plaintiffs also seek an Order requiring Defendants to make a more definite statement with respect to certain affirmative defenses.  In various pleadings, Defendants have formally withdrawn their jury demand [#122] and the following affirmative defenses: failure to state a claim on which relief may be granted [#122], waiver and estoppel [#122], First Amendment [#122], no material misrepresentations and lack of causation [#122], no individual liability [#128], exception to Telemarketing Sales Rule [#22] and other unspecified affirmative defenses [#128].  Thus, to the extent that the Motion seeks an Order striking the jury demand and the above affirmative defenses, it is **DENIED as moot.**

## II.  Analysis

### A.  Statute of Limitations

The Motion also seeks an Order either striking the affirmative defense of statute of

limitations ("Third Affirmative Defense") or requiring a more definite statement as to that affirmative defense, and requiring a more definite statement as to the affirmative defense that the rules under which the Federal Trade Commission is proceeding are invalid and exceed the FTC's statutory authority ("Fourth Affirmative Defense").  *See Motion* [#120-1] at 10-11, 17-18.

The FTC brings this action pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 57(b).  In short, the FTC argues that its claims are not limited to three years of redress under the explicit language of the statutes at issue and accompanying case law.  *See Reply* [#130] at 7.  The parties agree that Plaintiffs' claims are not entirely time-barred based on the allegations made in the Complaint, but Defendants' aver that their affirmative defense is directed toward conduct and redress that is more than three years old.  *See Response* [#128] at 7.  The parties also agree that Section 19 has a three-year statute of limitations period.  *See Response* [#128] at 6.  The issue is whether the three-year statute of limitations period of Section 19 applies to Section 13(b).

The FTC argues that claims brought pursuant to Section 13(b) are not subject to a statute of limitations.  *See Motion* [#120-1] at 10.  Indeed, there is no express statute of limitations in Section 13(b).  *See* 15 U.S.C. § 53b.  Defendants, however, embark on a lengthy and informative discussion of the legislative history of Sections 13(b) and 19 in order to create an inference that the limitations period of Section 19, which was enacted two years after Section 13(b), should also apply to Section 13(b).  *See Response* [#128] at 6-12.  Nevertheless, it "has always been the rule that statutes of limitation do not apply to the United States in the absence of a clear and manifest congressional intent that they shall apply."  *F.T.C. v. Real Wealth, Inc.*, No. 10-0060-CV-W-FJG, 2011 WL 3206887, at

*3 (W.D. Mo. July 28, 2011) (quoting *United States v. DeQueen & E. R.R. Co.*, 271 F.2d 597, 600 (8th Cir. 1959)).  The mere inference urged upon the Court by Defendants based on the legislative history of Sections 13(b) and 19 does not constitute "a clear and manifest congressional intent" that the limitations period of Section 19 applies to Section 13(b).  *See also F.T.C. v. Sec. Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1315 (8th Cir. 1991) (rejecting the argument that Section 19(d)'s three-year limitations period governs actions brought pursuant to Section 13(b)).

Further, Section 19(e) explicitly states that, "Nothing in this section shall be construed to affect any authority of the Commission under any other provision of law."  *See* 15 U.S.C. § 57b(e).  Thus, without explicit statutory authority in Section 19 limiting Section 13(b), the Court may not construe Section 19 to create a limitations period for Section 13(b).  Finally, the Court notes that Section 19(e) also states that, "Remedies provided in this section are in addition to, and not in lieu of, any other remedy or right of action provided by State or Federal law."  *See* 15 U.S.C. § 57b(e).  Thus, the statute clearly indicates that redress for conduct under other statutes such as Section 13(b) is not affected by the provisions of Section 19, and the remedies available pursuant to Section 13(b) thus must be construed without reference to Section 19.  Accordingly, the Court finds that Plaintiffs may not be limited to three years of redress pursuant to Section 13(b) and, therefore, the Court **GRANTS in part** Plaintiffs' Motion and **STRIKES** Defendants' Third Affirmative Defense with respect to Section 13(b) of the FTC Act.

Plaintiffs also request that the Court strike the limitations defense with respect to Plaintiffs' claim pursuant to the Colorado Consumer Protection Act ("CCPA").  The relevant portion of the CCPA states that actions "must be commenced within three years after the

date on which the false, misleading, or deceptive act or practice occurred or the date on which the last in a series of such acts or practices occurred." Colo. Rev. Stat. § 6-1-115. Plaintiffs only state that, because they alleged CCPA violations up to and including May 26, 2011, the day the Complaint was filed, the CCPA's limitations period does not bar the claims thereunder. *See Motion* [#120-1] at 11. However, acts or practices by Defendants which Plaintiffs cannot show were part of a series of acts or practices, the last of which occurred within the limitations period, may be barred by the CCPA's three-year limitations period. *See* Colo. Rev. Stat. § 6-1-115. Thus, at this time, the Court may not strike Defendants' Third Affirmative Defense with respect to claims brought pursuant to the CCPA, and, accordingly, the Court **DENIES** Plaintiffs' Motion to the extent it requests the Court to do so.

**B. More Definite Statement**

Plaintiffs also request a more definite statement pursuant to Fed. R. Civ. P. 12(e) with respect to Defendants' Third Affirmative Defense and Fourth Affirmative Defense. Fed. R. Civ. P. 12(e) states that, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A pleading is narrowly defined as only one of the following: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

A party may not reply to an answer as a matter of right, as a party may only file a reply to an answer by court order. *See* Fed. R. Civ. P. 7(a)(7). Here, the Court has not

granted leave permitting Plaintiffs to file a reply to the Defendant Dalbeys' Answer. According, the Answer is not "a pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). *See, e.g.*, *Ester v. Burnside*, No. 3:11CV00109-BRW, 2011 WL 4072038, at *1 (E.D. Ark. Sept. 13, 2011) (denying a motion for more definite statement of affirmative defenses because no responsive pleading allowed); *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008) (same); *Ramos Oil Recyclers, Inc. v. AWIM, Inc.*, No. 2:07-cv-00448-GEB-DAD, 2007 WL 2345014, at *4 (E.D. Cal. Aug. 16, 2007) (same); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653 (N.D. Tex. 2004) (same). Thus, Plaintiffs' request for a more definite statement of Defendants' Third and Fourth Affirmative Defenses is **DENIED**. Accordingly, for the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion is **DENIED as moot in part, DENIED in part, and GRANTED in part.** Defendants' Third Affirmative Defense regarding statute of limitations is stricken as to Plaintiffs' Section 13(b) claim only.

DATED: January 5, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge