IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01396-RBJ-KLM

FEDERAL TRADE COMMISSION and
STATE OF COLORADO, *ex rel.* JOHN W. SUTHERS, ATTORNEY GENERAL,

      Plaintiffs,

v.

RUSSELL T. DALBEY,
DEI, LLLP,
DALBEY EDUCATION INSTITUTE, LLC,
IPME, LLLP,
CATHERINE L. DALBEY, and
MARSHA KELLOGG,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' **Notice of Filing Declarations Supporting Attorneys' Fees and Costs Relating to the "No Show" Deposition of Stephen M. Nowlis, Ph.D.** [Docket No. 147; Filed January 12, 2012] (the "Notice").  On December 21, 2011, the Court granted Plaintiffs' request for sanctions against Russell T. Dalbey and Catherine L. Dalbey (the "Dalbey Defendants").[1]  *See Order* [#138].  In the Order, the Court ordered the Dalbey Defendants to pay Plaintiffs "any costs associated with the [missed] deposition [of Stephen M. Nowlis on September 23, 2011], including Plaintiffs'

_____

[1] The facts underlying this Order are set forth in Plaintiffs' Motion for Sanctions [#110], the Dalbey Defendants' Response [#124], Plaintiffs' Reply [#126], the Court's Order [#138] granting the Motion for Sanctions, and the documents attached to these filings.

travel expenses and reasonable attorneys' fees associated therewith." *Id.* at 5. The Court further ordered the Dalbey Defendants to pay "Plaintiffs' reasonable attorneys' fees incurred in drafting the Motion [for Sanctions] [#110] and Reply [#126]." *Id.* The Court further ordered Plaintiffs' counsel to submit affidavits as to fees and costs in accordance with D.C.COLO.LCivR 54.3. *See id.* Plaintiffs' counsel filed three affidavits on January 12, 2012. *See Notice* [#147]. The Dalbey Defendants did not file a response contesting the amount of fees and costs claimed by Plaintiffs.

In the Notice, Plaintiffs represent that they incurred a total of $15,137.50 in attorneys' fees and travel costs in connection with the Nowlis deposition. *See Notice* [#147] at 3. Of that amount, $10,397.58 is the amount of fees requested by Attorneys David P. Frankel ("Frankel") and Jay B. Simonson ("Simonson"), $1,596.06 is the amount of fees requested for time spent by FTC staff economist Patrick McAlvanah ("McAlvanah"), and the remaining $3,143.86 represents costs associated with travel to and from the deposition site. *See id.* at 2-3.

## A.    Attorneys' Fees

To determine a "reasonable attorney's fee," the Court must conduct a lodestar calculation as set out in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983), in accordance with "relevant Tenth Circuit precedent applying *Hensley*." *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir.2002). A lodestar calculation involves taking the product of the number of attorney hours expended to resolve an issue or perform a task and a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that he exercised proper "billing judgment." *Case v. Unified Sch. Dist. No. 233, Johnson County,*

*Kan.*, 157 F.3d 1243, 1250 (10th Cir.1998) (internal quotation marks omitted); *id.* at 1251 ("The district court is not bound by the opinions of the parties regarding the reasonableness of the time they spent on the litigation."). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir.1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir.1983). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

### 1.    Attorney Frankel

Mr. Frankel is a staff attorney with Plaintiff Federal Trade Commission ("FTC"). *See Decl. of Frankel* [#147-1] at 1. He is requesting reimbursement for his hourly compensation as provided by the FTC's Deputy Chief Financial Officer. *See id.* at 5. This rate is $115.64 per hour. *See id.* Mr. Frankel represents that he incurred a total of $8,904.28 in attorney fees for 77 hours of time expended in connection with the Nowlis deposition and

subsequent request for sanctions.  *See id.* at 3-5.  He asserts that he is not seeking

reimbursement for: (1) time spent preparing for the Nowlis deposition, or (2) time spent by

others at the FTC preparing and reviewing Plaintiffs' motion for sanctions and reply brief.

*See id.* at 5-6.  Mr. Frankel's affidavit lists the following billing entries:

> (1) Prior to September 21, 2011—2 hours of attorney time conferring multiple
>
> times with the Dalbey Defendants' attorney to schedule the Nowlis deposition
>
> and arrange for the FTC's San Francisco office to reserve a conference room
>
> and for a court reporter to transcribe the deposition;
>
> (2) September 21, 2011—2 hours of attorney time "read[ing] and react[ing]
>
> to the correspondence" received from opposing counsel "purporting to cancel
>
> the Nowlis deposition;"
>
> (3) September 22, 2011—9 hours of attorney time conferring with FTC
>
> colleagues and Mr. Simonson regarding the last-minute efforts of opposing
>
> counsel to cancel the Nowlis deposition, preparing e-mail messages and
>
> leaving voice mail for opposing counsel, traveling from Washington, D.C. to
>
> San Francisco, and meeting and conferring with Mr. Simonson;
>
> (4) September 23, 2011—12 hours of attorney time conferring with Mr.
>
> Simonson, opposing counsel, and the Court regarding the dispute, attending
>
> the deposition, and traveling from San Francisco back to Washington, D.C.;
>
> (5) September 25-29, 2011—25 hours of attorney time preparing Plaintiffs'
>
> motion for sanctions and related papers, which included a 16-page
>
> memorandum in support, Mr. Frankel's 8-page declaration, and the proposed
>
> order, and meeting and conferring with opposing counsel regarding the

proposed sanctions motion;

(6) October 20-21, 2011—1 hour of attorney time reviewing the response and accompanying declaration in opposition to Plaintiffs' motion for sanctions;

(7) October 21-28, 2011—16 hours of attorney time preparing Plaintiffs' reply brief (10 pages) and accompanying declaration (2 pages with 2 exhibits); and

(8) December 22, 2011 to January 6, 2012—10 hours of attorney time reviewing the Court's Order granting the motion for sanctions; preparing his own declaration, Mr. McAlvanah's declaration, and accompanying Notice; and conferring with Mr. Simonson and Mr. McAlvanah in connection with their declarations.

*See id.* at 3-5. The Court has reviewed the documents prepared by Mr. Frankel, including the Motion for Sanctions [#110], the Reply [#126], this Notice [#147], and all accompanying filings.

The Court finds that Mr. Frankel has carried his burden of demonstrating proper billing judgment. The Court further finds that: (1) Mr. Frankel's hourly compensation of $115.64 is reasonable, and (2) the hours of attorney time noted by Mr. Frankel are reasonable. Accordingly, the Court concludes that Plaintiff FTC is entitled to an award of $8,904.28 for the fees it reasonably incurred in connection with the Nowlis deposition and subsequent request for sanctions.

### 2. Attorney Simonson

Mr. Simonson is a First Assistant Attorney General for the Colorado Attorney General and represents Plaintiff State of Colorado, *ex rel.* John W. Suthers, Attorney General ("COAG"). *See Decl. of Simonson* [#147-3] at 1. Mr. Simonson is requesting

reimbursement for the hourly rate cost to the state for his time, not reimbursement at a market rate.  *See id.* at 3.  According to his office's Budget Analyst, Mr. Simonson's hourly rate is $55.72.  *See id.*  Mr. Simonson represents that he incurred a total of $1,493.30 in attorney fees for 26.8 hours of time expended in connection with the Nowlis deposition and subsequent request for sanctions.  *See id.*  Mr. Simonson's affidavit lists the following billing entries:

> (1) September 22, 2011—8.4 hours of attorney time for travel from Denver to San Francisco for the deposition and discussions with Mr. Frankel and an in-office colleague about the upcoming deposition;
>
> (2) September 23, 2011—9.6 hours of attorney time to attend the deposition, confer with opposing counsel and Mr. Frankel about the cancellation of the deposition, and return to Denver; and
>
> (3) September 24-28, 2011—8.8 hours to prepare declaration of fees and costs, confer with Mr. Frankel, and review and edit the joint motion for sanctions drafted by Mr. Frankel.

*See id.* at 2-3.

The Court finds that Mr. Simonson has carried his burden of demonstrating proper billing judgment.  The Court further finds that: (1) Mr. Simonson's hourly rate of $55.72 is reasonable, and (2) the hours of attorney time noted by Mr. Simonson are reasonable. Accordingly, the Court concludes that Plaintiff COAG is entitled to an award of $1,493.30 for the fees it reasonably incurred in connection with the Nowlis deposition and subsequent request for sanctions.

**B.**   **Mr. McAlvanah's Fees**

Mr. McAlvanah is a staff economist with the FTC.  *See Decl. of McAlvanah* [#147-2] at 1.  He is here requesting reimbursement for his hourly compensation as provided by the FTC's Deputy Chief Financial Officer.  *See id.* at 3.  This rate is $88.67 per hour.  *See id.* Mr. McAlvanah represents that he incurred a total of $1,596.06 in compensation for 18 hours of time expended in connection with the Nowlis deposition.  *See id.* at 2.  He asserts that he is not seeking reimbursement for time spent preparing for the Nowlis deposition. *See id.*  Mr. McAlvanah asserts that he incurred 18 hours over the course of two days traveling from Washington, D.C. to San Francisco, appearing at the Nowlis deposition, and traveling back to Washington, D.C.  *See id.*

The Court finds that Mr. McAlvanah has carried his burden of demonstrating proper billing judgment.  The Court further finds that: (1) Mr. McAlvanah's hourly compensation of $88.67 is reasonable, and (2) the hours listed for reimbursement for two days of work and travel in connection with the Nowlis deposition are reasonable.  Accordingly, the Court concludes that Plaintiff FTC is entitled to an award of $1,596.06 for the fees it reasonably incurred in connection with the Nowlis deposition.

## C.    Costs

The affidavits of Mr. Frankel, Mr. Simonson, and Mr. McAlvanah list the following travel costs in connection with the Nowlis deposition:

Taxicabs:

(1) $175.00 total for three taxicab rides shared by Mr. Frankel and Mr. McAlvanah, from their office in Washington, D.C. to Dulles International Airport ($60.00), from San Francisco International Airport to their hotel ($60.00), and from downtown San Francisco to San Francisco International Airport ($55.00), *Decl. of Frankel* [#147-1] at 2;

(2) $79.00 for a taxicab ride shared by Mr. Frankel and Mr. McAlvanah, from Dulles International Airport to their respective homes, *Decl. of McAlvanah* [#147-2] at 2; and

(3) $73.00 total for a shuttle ($22.00) and a taxicab ride ($51.00) for Mr. Simonson to and from San Francisco International Airport to downtown San Francisco, *Decl. of Simonson* [#147-3] at 2.

Airfare:

(1) $396.39 for round-trip airfare for Mr. Frankel between Dulles International Airport and San Francisco International Airport, *Decl. of Frankel* [#147-1] at 2;

(2) $396.39 for round-trip airfare for Mr. McAlvanah between Dulles International Airport and San Francisco International Airport, *Decl. of McAlvanah* [#147-2] at 2;

(3) $479.75 for round-trip airfare for Mr. Simonson between Denver and San Francisco International Airport, which includes a $26.00 airfare service fee and $69.00 flight-rescheduling fee, *Decl. of Simonson* [#147-3] at 2.

Parking and mileage:

(1) $40.00 total for airport parking fee ($20.00) and mileage from house to home ($20.00), *Decl. of Simonson* [#147-3] at 2.

Hotel:

(1) $208.17 for hotel for Mr. Frankel in San Francisco for one night, *Decl. of Frankel* [#147-1] at 2;

(2) $185.04 for hotel for Mr. McAlvanah in San Francisco for one night, *Decl. of McAlvanah* [#147-2] at 2;

(3) $210.97 for hotel for Mr. Simonson in San Francisco for one night, *Decl. of Simonson* [#147-3] at 2.

Per diem for meals:

(1) $106.50 total for a reduced per diem of $53.25 for meals for each of two days for Mr. Frankel, *Decl. of Frankel* [#147-1] at 3;

(2) $106.50 total for a reduced per diem of $53.25 for meals for each of two days for Mr. McAlvanah, *Decl. of McAlvanah* [#147-2] at 2;

(3) $87.00 total for per diem for meals for Mr. Simonson, *Decl. of Simonson* [#147-3] at 2.

Court reporter:

(1) $600.15 for court reporter appearance and expedited transcription fees, *Decl. of Frankel* [#147-1] at 3.

The Court finds that Plaintiffs have carried the burden of demonstrating reasonable costs in connection with their travel to and from the Nowlis deposition.  Accordingly, the Court concludes that Plaintiff FTC is entitled to an award of $1,486.21 for the costs of Mr. Frankel and $766.93 for the costs of Mr. McAlvanah, and that Plaintiff COAG is entitled to an award of $890.72 for the costs of Mr. Simonson.

In sum, the Court finds that Plaintiff FTC is entitled to a total award of $12,753.48 and that Plaintiff COAG is entitled to a total award of $2,384.02.  Accordingly,

IT IS HEREBY **ORDERED** that the Dalbey Defendants shall remit a payment of $12,753.48 to Plaintiff FTC within thirty (30) days of the date of this Order.

IT IS FURTHER **ORDERED** that the Dalbey Defendants shall remit a payment of $2,384.02 to Plaintiff COAG within thirty (30) days of the date of this Order.

Dated:  February 9, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge