Case 1:11-cv-01396-RBJ-KLM   Document 176   Filed 04/09/12   USDC Colorado   Page 1 of 12

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-1396-RBJ-KLM

FEDERAL TRADE COMMISSION and )
STATE OF COLORADO, *ex rel.* )
JOHN W. SUTHERS, ATTORNEY GENERAL, )
)
                              Plaintiffs, )
)
           v. )
)
RUSSELL T. DALBEY; )
DEI, LLLP; )
DALBEY EDUCATION INSTITUTE, LLC; )
IPME, LLLP; and )
CATHERINE L. DALBEY, )
)
                              Defendants. )

**[~~PROPOSED~~] PROTECTIVE ORDER REGARDING DOCUMENTS CONTAINING**
**CONFIDENTIAL INFORMATION**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.    Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that contains Confidential information, as defined in Paragraph 2. Any party to this litigation or any third party covered by this Order, who produces or discloses any confidential information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall indicate such designation by adding "CONFIDENTIAL" to the face of

Case 1:11-cv-01396-RBJ-KLM Document 176 Filed 04/09/12 USDC Colorado Page 2 of 12

each page or thing (hereinafter "designate(d) confidential"). Confidential information contained in electronic documents may also be designated in the same manner or on the face of the CD or DVD or other medium on which the document is produced.

2. Definitions: The following definitions shall apply to this Protective Order Regarding Documents Containing Confidential Information ("Confidentiality Order"):

a. "Confidential information" shall include: (i) information that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or other information or data reasonably deemed private and personal in nature, the disclosure of which might create an unreasonable risk of harm or injury to the person or property of a party or third party; (ii) information received in confidence from a third party; (iii) information that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 7.2; or (iv) information in the custody of the Federal Trade Commission ("Commission") that is considered confidential under Section 6(f) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 46(f); or that is non-public and exempted under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b), as provided in 15 C.F.R. § 4.10.

b. "Parties" shall mean and refer to the Plaintiffs (Federal Trade Commission and the State of Colorado) and the Defendants (Russell T. Dalbey and Catherine L. Dalbey) in the above-captioned case.

3. Unless a party waives a claim of confidentiality or the Court orders disclosure, disclosure of confidential information shall be limited to persons described in

Case 1:11-cv-01396-RBJ-KLM Document 176 Filed 04/09/12 USDC Colorado Page 3 of 12

Paragraph 4 of this Order for the purposes of preparation, litigation, and judicial review of this action; *provided, however*, that the Commission may, subject to taking appropriate steps to preserve the confidentiality of such information, use or disclose confidential information as provided by its Rules of Practice; Sections 6(f) and 21 of the Federal Trade Commission Act, 15 U.S.C. §§ 46(f), 57b-2; or any other legal obligation imposed upon the Commission.

4. Confidential information may be disclosed only to the following individuals under the following conditions:

a. Counsel for the parties;

b. Outside experts or consultants retained by counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; *provided, however*, that in lieu of Exhibit A, Plaintiffs' outside consultants and experts may provide an executed FTC Form X33 – Nondisclosure Agreement for Contractors (Exhibit B);

c. Secretarial, paralegal, investigative, clerical, data duplicating and processing personnel of the foregoing;

d. The Court and court personnel,

e. Any deponent may be shown or examined on any information, document or thing designated confidential if: (i) it appears that the witness authored or received a copy of the information, document, or thing, (ii) it appears that the witness was involved in the subject matter described therein; (iii) the witness is or was employed by the party who produced the information, document, or thing; (iv) the witness is or was employed

- 3 -

Case 1:11-cv-01396-RBJ-KLM Document 176 Filed 04/09/12 USDC Colorado Page 4 of 12

by the party with whom the information, document, or thing initially resided, or (v) the producing party consents to such disclosure;

    f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock trial sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such information; and

    g.    The Parties.

5.    With respect to any depositions that involve a disclosure of confidential information of a party to this action, such party shall have fourteen (14) days after receipt of the deposition transcript to inform all other parties that portions of the transcript are to be designated confidential. This period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the deponent and the individuals described in Paragraph 4 above during these fourteen (14) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than the deponent and those described in Paragraph 4 above during said fourteen (14) days. Upon being informed that certain portions of a deposition are to be designated confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

Case 1:11-cv-01396-RBJ-KLM   Document 176   Filed 04/09/12   USDC Colorado   Page 5 of 12

6. If counsel for a party receiving documents or information designated confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall provide counsel for the designating party or a third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or a third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void, and such documents will no longer be deemed confidential. If the designating party or a non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall, within twenty-one (21) days of being served with the objection described in subparagraph (a) above, present the dispute to the Court initially by telephone, in accordance with the Court's June 13, 2011 Order [Docket No. 36], before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

Case 1:11-cv-01396-RBJ-KLM Document 176 Filed 04/09/12 USDC Colorado Page 6 of 12

7. All requests to seal documents filed with the Court shall comply with D.C.COLO.LCivR 7.2.

8. If the need arises during trial or at any Hearing before the Court for any party to disclose confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of confidential information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material or information was disclosed, within a reasonable time after disclosure, that the material or information should have been designated confidential. Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality Order.

10. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-

Case 1:11-cv-01396-RBJ-KLM   Document 176   Filed 04/09/12   USDC Colorado   Page 7 of 12

product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

11.  No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be confidential information under this Confidentiality Order.

12.  This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

13.  If any party receives a discovery request in any other litigation or matter that may require the disclosure of confidential information submitted by another party to this litigation or a third party, the recipient of the discovery request shall promptly notify the party that submitted the confidential information. If the party that submitted the confidential information is unknown, the party receiving the discovery request shall notify the party to this litigation that designated the information as confidential and shall request the name and contact information of the party that submitted the confidential information. Unless a shorter time is mandated by an order of a court, the notification shall be in writing and be received by the submitter at least fourteen (14) days before production, and shall include a copy of this Confidentiality Order and a cover letter that

Case 1:11-cv-01396-RBJ-KLM   Document 176   Filed 04/09/12   USDC Colorado   Page 8 of 12

will apprise the submitter of its rights under this Order. Nothing in this Order shall be construed as requiring either the recipient of the discovery request or anyone else covered by this Order to challenge or appeal any order requiring production of confidential information, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from any court. The recipient shall not oppose the submitter's efforts to challenge the disclosure of confidential information. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another litigation that are directed to the Commission.

14.    At the time that any consultant or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information. At the conclusion of this litigation, including the exhaustion of any appeals, the parties shall destroy or return confidential material or information obtained in this action to their submitters, *provided, however,* that the Commission's obligation to return documents shall be governed by the provisions of Rule 4.12 of its Rules of Practice, 16 C.F.R. § 4.12.

15.    This Confidentiality Order, insofar as it restricts the communication and use of confidential discovery information, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this litigation.

16. This Confidentiality Order is in addition to, and not in lieu of, the Stipulated Protective Order Regarding Documents Containing Sensitive Personal Identifiers signed and entered by the Court on June 28, 2011 [Docket No. 43].

**SO ORDERED:**

Dated: April 9, 2012

KRISTEN L. MIX
UNITED STATES MAGISTRATE JUDGE

**SO STIPULATED:**

DAVID P. FRANKEL
ALYSA S. BERNSTEIN
MICHELLE R. ROSENTHAL
ELIZABETH K. NACH
600 Pennsylvania Avenue, NW
Federal Trade Commission
Washington, DC 20580
Tel. 202-326-2812, 3289, 3335, 2611
Fax. 202-326-3259
dfrankel@ftc.gov
abernstein@ftc.gov
mrosenthal@ftc.gov
enach@ftc.gov

JAY B. SIMONSON
First Assistant Attorney General
1525 Sherman Street, 7th Floor
Denver, Colorado 80203
Tel. 303-866-5162
Fax. 303-866-4916
Jay.Simonson@state.co.us

ATTORNEYS FOR PLAINTIFFS

Case 1:11-cv-01396-RBJ-KLM   Document 176   Filed 04/09/12   USDC Colorado   Page 10 of 12

_/s/ Paul Richard Brown_
Paul Richard Brown, Esquire
J. Dino Vasquez, Esquire
Thomas D. Adams, Esquire
Mark A. Bailey, Esquire
Daniel J. Bugbee, Esquire
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, Washington 98101
Tel. (206) 224-1313
Fax. (206) 682-7100
pbrown@karrtuttle.com
dvasquez@karrtuttle.com
tadams@karrtuttle.com
mbailey@karrtuttle.com
dbugbee@karrtuttle.com

_/s/ Russell T. Dalbey_
RUSSELL T. DALBEY

_/s/ Catherine L. Dalbey_
CATHERINE L. DALBEY

---

Kenzo S. Kawanabe, Esquire
Lauren M. Mitchell, Esquire
Thomas C. Bell, Esquire
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202-1500
Tel. (303) 892-7541, 7493
Fax. (303) 893-1379
kenzo.kawanabe@dgslaw.com
lauren.mitchell@dgslaw.com
tom.bell@dgslaw.com

---

Edward F. Glynn, Jr., Esquire
Manatt, Phelps & Phillips, LLP
One Metro Center
700 12th Street, NW, Suite 1100
Washington, DC 20005
Tel. (202) 585-6625
Fax (202) 585-6600
eglynn@manatt.com

ATTORNEYS FOR RUSSELL
AND CATHY DALBEY

10

Case 1:11-cv-01396-RBJ-KLM   Document 176   Filed 04/09/12   USDC Colorado   Page 11 of 12

| | |
|---|---|
| Paul Richard Brown, Esquire<br>J. Dino Vasquez, Esquire<br>Thomas D. Adams, Esquire<br>Mark A. Bailey, Esquire<br>Daniel J. Bugbee, Esquire<br>Karr Tuttle Campbell<br>1201 Third Avenue, Suite 2900<br>Seattle, Washington 98101<br>Tel. (206) 224-1313<br>Fax. (206) 682-7100<br>pbrown@karrtuttle.com<br>dvasquez@karrtuttle.com<br>tadams@karrtuttle.com<br>mbailey@karrtuttle.com<br>dbugbee@karrtuttle.com | RUSSELL T. DALBEY<br><br>CATHERINE L. DALBEY |

*/s/ Kenzo S. Kawanabe*
Kenzo S. Kawanabe, Esquire
Lauren M. Mitchell, Esquire
Thomas C. Bell, Esquire
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202-1500
Tel. (303) 892-7541, 7493
Fax. (303) 893-1379
kenzo.kawanabe@dgslaw.com
lauren.mitchell@dgslaw.com
tom.bell@dgslaw.com

Edward F. Glynn, Jr., Esquire
Manatt, Phelps & Phillips, LLP
One Metro Center
700 12th Street, NW, Suite 1100
Washington, DC 20005
Tel. (202) 585-6625
Fax (202) 585-6600
eglynn@manatt.com

ATTORNEYS FOR RUSSELL
AND CATHY DALBEY

Case 1:11-cv-01396-RBJ-KLM   Document 176   Filed 04/09/12   USDC Colorado   Page 12 of 12

| | |
|---|---|
| Paul Richard Brown, Esquire<br>J. Dino Vasquez, Esquire<br>Thomas D. Adams, Esquire<br>Mark A. Bailey, Esquire<br>Daniel J. Bugbee, Esquire<br>Karr Tuttle Campbell<br>1201 Third Avenue, Suite 2900<br>Seattle, Washington 98101<br>Tel. (206) 224-1313<br>Fax. (206) 682-7100<br>pbrown@karrtuttle.com<br>dvasquez@karrtuttle.com<br>tadams@karrtuttle.com<br>mbailey@karrtuttle.com<br>dbugbee@karrtuttle.com | RUSSELL T. DALBEY<br><br>CATHERINE L. DALBEY |

Kenzo S. Kawanabe, Esquire
Lauren M. Mitchell, Esquire
Thomas C. Bell, Esquire
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202-1500
Tel. (303) 892-7541, 7493
Fax. (303) 893-1379
kenzo.kawanabe@dgslaw.com
lauren.mitchell@dgslaw.com
tom.bell@dgslaw.com

*/s/ Edward F. Glynn, Jr.*
Edward F. Glynn, Jr., Esquire
Manatt, Phelps & Phillips, LLP
One Metro Center
700 12th Street, NW, Suite 1100
Washington, DC 20005
Tel. (202) 585-6625
Fax (202) 585-6600
eglynn@manatt.com

ATTORNEYS FOR RUSSELL
AND CATHY DALBEY

10