IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-1396-RBJ-KLM

FEDERAL TRADE COMMISSION, and
STATE OF COLORADO, *ex rel.*
JOHN W. SUTHERS, ATTORNEY GENERAL

      Plaintiffs,

v.

RUSSELL T. DALBEY;
DEI, LLLP;
DALBEY EDUCATION INSTITUTE, LLC;
IPME, LLLP; and
CATHERINE L. DALBEY

      Defendants.

## ORDER

The matter is before the Court on defendants Russell and Catherine Dalbey's Motion for Partial Summary Judgment [Doc. # 144] and the Dalbeys' objection to a magistrate judge order. [#149]. The issues have been fully briefed, and the Court held oral argument on April 11, 2012.

**Facts**

Russell Dalbey has for a number of years marketed products and services that he claims teach people how to make money in a short period of time by brokering promissory notes. The Federal Trade Commission ("the Commission") and the State of Colorado filed this suit on May 26, 2011, contending that Mr. Dalbey and his wife Catherine, operating through several entities

that are now in bankruptcy proceedings, have used deceptive infomercials and other means to dupe consumers into investing in seminars and other programs and materials of little or no value.

The pending motions do not address the merits of the claims. Rather, they address a narrow statute of limitations issue applicable only to the Commission's claims and, even then, applicable only to some of those claims. The issue was first raised by the plaintiffs in a motion to strike defendants' third affirmative defense based upon the statute of limitations. That motion was referred to a magistrate judge who resolved the issue against the Dalbeys. The Dalbeys then brought the issue to this Court by means of their timely objection to the magistrate judge's order and their motion for partial summary judgment.

**Conclusions**

The Commission's Claims

To understand the issue presented one must first understand the legal basis of the Commission's claims. Section 5(a) of the Federal Trade Commission Act (hereafter "the FTC Act" or simply "the Act") declares unfair or deceptive acts or practices in or affecting commerce to be unlawful. 15 U.S.C. § 45(a). The Commission alleges in Count One that the Dalbeys have violated section 5(a). This claim is brought pursuant to section 13(b) of the Act which authorizes the Commission to bring a suit for injunctive relief in a federal district court whenever it has reason to believe that a person or entity is violating any provision of law enforced by the Commission.

The Telemarketing Act authorizes the Commission to prescribe rules prohibiting deceptive telemarketing practices. 15 U.S.C. § 6102(a). The Commission has promulgated what sometimes is referred to as the "Telemarketing Sales Rule" that addresses deceptive telemarketing acts and practices. 15 C.F.R. Part 310. A violation of that rule is treated as a

violation of a rule promulgated under the FTC Act regarding unfair or deceptive acts or practices. 15 U.S.C. § 6102(c). The Commission contends in Counts Two, Three and Four that the Dalbeys have violated the Telemarketing Sales Rule. The Commission clarified at oral argument that it is pursuing these "rules counts" under section 19 of the FTC Act. That section authorizes the Commission to file suit in either federal or state court against any person who (1) violates any rule under the Act respecting unfair or deceptive acts or practices, or (2) engages in any unfair or deceptive act or practice with respect to which the Commission has issued a final cease and desist order.

There are significant differences between sections 13(b) and 19 of the Act. Section 13 speaks only to injunctive relief. It has no statute of limitations. Section 19 does not mention injunctive relief. Rather, it authorizes courts to grant such relief as is necessary to redress injury to consumers, including rescission or reformation of contracts, refunds of money, and compensatory damages. Two subsections of section 19 that are germane to the issues presently before the Court are section 19(d), which establishes a three-year period of limitations, and 19(e), which states: "Remedies provided in this section are in addition to, and not in lieu of, any other remedy or right of action provided by State or Federal law. Nothing in this section shall be construed to affect any authority of the Commission under any other provision of law."

The Present Dispute

The issue presented is whether the three-year statute of limitations set forth in section 19(d) limits the Commission's ability to obtain restitution or other forms of redress for consumers who suffered losses as a result of the Dalbeys' alleged scheme. This dispute affects only Count One, as the Commission has conceded through counsel that the three-year limitations period applies to Counts Two through Four. As a practical matter, the dispute affects only

consumer losses that occurred between January 1, 2006 (because counsel stated during oral argument that the Commission will not seek redress for losses incurred before that date) and May 26, 2008 (three years before this lawsuit was filed).

As indicated above, section 13(b) speaks only to injunctive relief.  However, as early as 1946, the Supreme Court held that when the government enforces a statute providing for injunctive relief, the court may order other equitable remedies ancillary to injunctive relief "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity." *Porter v. Warner Holding Co.,* 328 U.S. 395, 398 (1946).  Citing *Porter* among other cases, the Ninth Circuit in 1982 held that the FTC could seek, and courts could award, equitable relief beyond an injunction in an action under section 13(b).  *F.T.C. v. H.N. Singer, Inc.*, 668 F. 2d 1107 (9th Cir. 1982).

In doing so the court rejected the notion that section 19 is the sole authority under which the Commission may obtain consumer redress.  Citing section 19(e)'s proviso that the remedies provided in section 19 are in addition to, not in lieu of, any other remedy provided by state or federal law, the court held:

> Thus, there is no necessary or inescapable inference, or indeed any inference, that Congress intended to restrict the broad equitable jurisdiction apparently granted to the district court by § 13(b).  We hold that Congress, when it gave the district court authority to grant a permanent injunction against violations of any provisions of law enforced by the Commission, also gave the district court authority to grant any ancillary relief necessary to accomplish complete justice because it did not limit that traditional equitable power explicitly or by necessary and inescapable inference.

*Id.* at 1113.

That same year the Fifth Circuit reached the same conclusion.  *FTC v. Southwest Sunsites, Inc.*, 665 F.2d 711, 717-18 (5th Cir. 1982).  Other circuits considering the issue since that time have agreed.  *Security Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1316 (8th Cir.

4

1991); *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 571-72 (7th Cir. 1989); *F.T.C. World Travel Vacation Brochures, Inc.*, 861 F. 2d 1020, 1026 (7th Cir. 1988); *F.T.C. v. United States Oil & Gas Corp.,* 748 F. 2d 1431, 1434 (11th Cir. 1984).

Similarly, arguments that section 19(d)'s period of limitations limits claims for consumer redress brought under section 13(b) have been consistently rejected. *See FTC v. Ivy Capital, Inc.,* No. 2:11CV283, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011); *FTC v. RealWealth, Inc.*, No. 10-0060-CV-W-FJG, 2011 WL 3206887, at *3 (W.D. Mo. July 28, 2011); *FTC v. Inc21.com Corp.*, 745 F. Supp. 2d 975, 1012 (N.D. Cal. 2010). *See also FTC v. Minuteman Press*, 53 F.Supp.2d 248, 261-62 (E.D.N.Y. 1998). The magistrate judge reached the same result when she denied the motion to strike the statute of limitations defense in this case. Order, January 5, 2012 [#143] at 2-5.

Defendants candidly acknowledge that all reported cases that have addressed the issue have refused to apply section 19's statute of limitation to claims for consumer redress brought under section 13. However, they argue that these cases were wrongly decided, and that because there is no authority on point in the Tenth Circuit, this Court should right the wrong in this case.

Defendants begin by noting that section 13(b) was enacted in 1973. It was silent with respect to redress for consumers. Congress was not aware in 1973 that in 1982 and thereafter courts would interpret section 13(b) as implicitly authorizing the Commission to obtain equitable remedies in addition to injunctions, specifically restitution and other forms of redress for injured consumers. Therefore, defendant argues, Congress must have believed that the Commission lacked the ability to seek redress for consumers and must have enacted section 19 to fill that gap. Motion [#144] at 7. The excerpts from the legislative history of sections 13(b) and 19 cited by

the defendants, *id.* at 5-7, are not particularly helpful in my view, but I am willing to assume for the sake of argument that this might have been Congress' intent in enacting the two sections.

However, although it was not known in 1973 or 1975, it is now quite well settled that restitution and other forms of redress may be awarded to consumers under section 13(b). The question then becomes whether section 19 gives rise to a necessary and inescapable inference that the Commission's implied authority to obtain consumer redress under section 13(b) is limited by a three-year period of limitations. Section 19(e) broadly provides that the remedies available in section 19 are in addition to, and not in lieu of, *any* other remedy provided by federal law. Adding a belt to the suspenders, section 19(e) further provides that nothing in section 19 may be construed to affect the Commission's authority under any other provision of law. This plain language makes the drawing of the inference suggested by the defendants all but impossible in my view. The very fact that numerous courts have declined to draw the inference urged on this Court further dispels the notion that the inference is necessary or inescapable. If anything, it could be inferred that Congress' failure to amend section 13(b) or section 19 in light of the subsequent court decisions indicates its satisfaction with those interpretations. However, such speculation is unnecessary in light of the clear language of section 19(e).

Nor do I agree that this interpretation renders section 19 a nullity. It must be remembered that section 19(a) expressly concerns violations of rules and cease and desist orders. The Commission concedes that section 19, and in particular the three-year period of limitation provided in section 19(d), applies to its claims that assert violations of the Telemarketing Sales Rule.

Accordingly, while defense counsel has skillfully given this Court reason to pause and reflect rather than simply to fall in line with my predecessors, in the end I am convinced that the predecessors had it right.

**Order**

Therefore, for the foregoing reasons, defendant's Motion for Partial Summary Judgment [#144] is DENIED.  Defendants Objection to Magistrate Judge Mix's January 5, 2012 Order [#149] is likewise DENIED.

DATED this 15th day of May, 2012.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge