**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-01396-RBJ-KLM

FEDERAL TRADE COMMISSION and
STATE OF COLORADO, *ex rel.*
JOHN W. SUTHERS,
ATTORNEY GENERAL,

        Plaintiffs,

        v.

RUSSELL T. DALBEY;
DEI, LLLP;
DALBEY EDUCATION INSTITUTE, LLC;
IPME, LLLP; and
CATHERINE L. DALBEY,

        Defendants.

---

**STIPULATED FINAL JUDGMENT AND ORDER AS TO DEFENDANTS
DEI, LLLP; DALBEY EDUCATION INSTITUTE, LLC; AND IPME, LLLP**

---

On May 26, 2011, Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State of Colorado (collectively "Plaintiffs"), commenced this action by filing a Complaint for Permanent Injunction and Other Equitable Relief against Defendants Russell T. Dalbey; DEI, LLLP; Dalbey Education Institute, LLC; IPME, LLLP; Catherine L. Dalbey; and Marsha Kellogg pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b; the Telemarketing and Consumer Fraud and Abuse Prevention

Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108; and the Colorado Consumer Protection Act, COLO. REV. STAT. §§ 6-1-101 through 115 ("CCPA"), alleging violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, promulgated pursuant to the Telemarketing Act; and the CCPA, COLO. REV. STAT. § 6-1-105(1)(e) and (g).

Plaintiffs reached a settlement with Defendant Marsha Kellogg, and the Court entered a Stipulated Final Order against Ms. Kellogg on June 7, 2011. [Dkt. No. 29].

On September 21, 2011, Defendants DEI, LLLP, Dalbey Education Institute, LLC, and IPME, LLLP (the "Corporate Defendants") filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, in the United States Bankruptcy Court for the District of Colorado. *See In re DEI, LLLP*, Case No. 11-32446-MER (Bankr. D. Colo. Sept. 21, 2011); *In re Dalbey Education Institute, LLC*, Case No. 11-32445-SBB (Bankr. D. Colo. Sept. 21, 2011); *In re IPME, LLLP*, Case No. 11-32437-HRT (Bankr. D. Colo. Sept. 21, 2011). These three bankruptcy court cases are referred to collectively herein as the "Bankruptcy Cases." Dennis W. King was appointed the Chapter 7 Bankruptcy Trustee in each of the Bankruptcy Cases.

The Corporate Defendants ceased operating in 2011. Plaintiffs' action against the Corporate Defendants, including the enforcement of a judgment other than a monetary judgment obtained in this action, is not stayed by 11 U.S.C. § 362(1), (2), (3), or (6), because the action is an exercise of Plaintiffs' police or regulatory power as a governmental unit pursuant to 11 U.S.C. § 362(b)(4) and, thus, falls within an exception to the automatic stay.

Subject to the prior agreement of the United States Bankruptcy Court for the District of Colorado, which approval has been obtained, *see* Exhibit A attached hereto, Plaintiffs and the Corporate Defendants, by and through their attorneys and representatives of their respective bankruptcy estates, have agreed to entry of this Stipulated Final Judgment and Order ("Order") by this Court in order to resolve all claims against the Corporate Defendants in this action. Plaintiffs and the Corporate Defendants have consented to entry of this Order without trial or adjudication of any issue of law or fact herein and without the Corporate Defendants admitting liability for any of the violations alleged in the Complaint.

Filed previously or in conjunction with this Stipulated Final Judgment and Order as to the Corporate Defendants is a "Stipulated Order for Final Judgment and Order for Permanent Injunction and Other Equitable Relief as to Defendants Russell T. Dalbey and Catherine L. Dalbey" (the "Dalbey Order").

Being fully advised in the premises and acting upon the joint motion of the Plaintiffs and the Corporate Defendants to enter this Order,

**IT IS ORDERED, ADJUDGED, AND DECREED as follows:**

## FINDINGS

1. This is an action by the Commission instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and by the State of Colorado under the CCPA, COLO. REV. STAT. §§ 6-1-101 through 115 ("CCPA"). The Commission and the State of Colorado have the authority to seek the relief contained herein.

2.     The Complaint states claims upon which relief may be granted under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b; the Telemarketing Act, 15 U.S.C. §§ 6101-6108; the TSR, 16 C.F.R. Part 310; and the CCPA, Colo. Rev. Stat. §§ 6-1-101 through 115.

3.     This Court has jurisdiction over the subject matter of this case and personal jurisdiction over the Corporate Defendants.

4.     Venue in the United States District Court for the District of Colorado is proper pursuant to 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b).

5.     The alleged activities of the Corporate Defendants are "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.     The Corporate Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, the Corporate Defendants admit the facts necessary to establish jurisdiction.

7.     The Corporate Defendants waive: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; (b) any claim that they may have against Plaintiffs, their employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said provision of law. Plaintiffs and the Corporate Defendants shall each bear their own costs and attorney's fees incurred in this action, including costs and attorney's fees incurred in the asset discovery period contemplated by the Dalbey Order.

8.     Pursuant to his authority as the Chapter 7 Bankruptcy Trustee, Dennis W. King may take any and all actions necessary and appropriate to enter into, implement, and effectuate the terms and conditions of this Order.  Under such authority, he has agreed to the allowance of Plaintiffs' general unsecured claims in the Bankruptcy Cases or in any jointly administered or substantively consolidated bankruptcy case.

9.     Entry of this Order is in the public interest.

## I.     MONETARY JUDGMENT

IT IS HEREBY ORDERED that:

A.     Judgment is hereby entered in favor of Plaintiffs and against the Corporate Defendants, jointly and severally, in the amount of Three-Hundred-Thirty Million, Eighty-Four Thousand, Three-Hundred-Fifty-Four Dollars, and Seventy Cents ($330,084,354.70), as equitable monetary relief, which the parties stipulate only for purposes of this Section represents consumer injury and disgorgement alleged in the Complaint.  This judgment shall also run jointly and severally with the monetary judgment against Defendants Russell T. Dalbey and Catherine L. Dalbey contained in a separate order;

B.     The Corporate Defendants and the Bankruptcy Trustee further stipulate and agree, pursuant to Section 502 of the Bankruptcy Code, 11 U.S.C. § 502, to the allowance of a general unsecured claim in each of the Corporate Defendants' respective bankruptcy cases, or to the allowance of one general unsecured claim should the Bankruptcy Cases be substantively consolidated or jointly administered, in favor of Plaintiffs in the amount of Three-Hundred-Thirty Million, Eighty-Four Thousand, Three-Hundred-Fifty-Four Dollars, and Seventy Cents

($330,084,354.70), less the sum of any payments previously made, and that Plaintiffs are entitled to participate in any payments in the Corporate Defendants' bankruptcy cases paid on account of such allowed general unsecured claims;

C.   All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection; and

D.   The Corporate Defendants, the Bankruptcy Trustee, and Plaintiffs shall cooperate fully with one another to avoid duplicative discovery of the Corporate Defendants' and the Dalbeys' assets acquired on or after January 1, 2006 and to avoid duplicative efforts concerning the disposition, location, repatriation, and collection of those assets.

## II.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED THIS 29th DAY OF July, 2013**

**BY THE COURT:**

*[signature: Brooke Jackson]*

_____
United States District Judge

**SO STIPULATED AND AGREED:**

SO STIPULATED AND AGREED:

For the Plaintiffs:

_David P. Frankel_ 7-29-2013
David P. Frankel, Esquire (Date)
Alysa S. Bernstein, Esquire
Michelle R. Rosenthal, Esquire
James A. Trilling, Esquire
Elizabeth Tucci, Esquire
Federal Trade Commission
600 Pennsylvania Ave., NW
Room NJ-3212
Washington, DC 20580
Tel. (202) 326-2812, 3289, 3335, 3497
Fax (202) 326-3259
dfrankel@ftc.gov
abernstein@ftc.gov
mrosenthal@ftc.gov
jtrilling@ftc.gov
etucci@ftc.gov

Attorneys for Plaintiff Federal Trade Commission

_signature_ July 29, 2013
Jay B. Simonson, Esquire (Date)
Office of the Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, Seventh Floor
Denver, Colorado 80203
Tel. (720) 508-6205
Fax (720) 508-6040
jay.simonson@state.co.us

Attorney for Plaintiff State of Colorado

For the Chapter 7 Bankruptcy Trustee:

_signature_
Douglas C. Pearce, II, Esquire (Date)
Connolly, Rosania, & Lofstedt, P.C.
950 Spruce Street, Suite 1C
Louisville, Colorado 80027
Tel. (303) 661-9292
Fax: (303) 661-9555
doug@crlpc.com

Attorney for Dennis W. King
Chapter 7 Bankruptcy Trustee

Dennis W. King (Date)
P.O. Box 460609
Aurora, Colorado 80046-0609
Tel. (303) 751-3200
KingDJ7@aol.com

Chapter 7 Bankruptcy Trustee for
DEI, LLLP; Dalbey Education
Institute, LLC; and IPME, LLLP

SO STIPULATED AND AGREED:

For the Plaintiffs:

| | |
|---|---|
| _____<br>David P. Frankel, Esquire   (Date)<br>Alysa S. Bernstein, Esquire<br>Michelle R. Rosenthal, Esquire<br>James A. Trilling, Esquire<br>Elizabeth Tucci, Esquire<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW<br>Room NJ-3212<br>Washington, DC 20580<br>Tel. (202) 326-2812, 3289, 3335, 3497<br>Fax (202) 326-3259<br>dfrankel@ftc.gov<br>abernstein@ftc.gov<br>mrosenthal@ftc.gov<br>jtrilling@ftc.gov<br>etucci@ftc.gov<br><br>Attorneys for Plaintiff Federal Trade Commission | _____<br>Jay B. Simonson, Esquire   (Date)<br>Office of the Attorney General<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway, Seventh Floor<br>Denver, Colorado 80203<br>Tel. (720) 508-6205<br>Fax (720) 508-6040<br>jay.simonson@state.co.us<br><br>Attorney for Plaintiff State of Colorado |

For the Chapter 7 Bankruptcy Trustee:

| | |
|---|---|
| _____<br>Douglas C. Pearce, II, Esquire   (Date)<br>Connolly, Rosania, & Lofstedt, P.C.<br>950 Spruce Street, Suite 1C<br>Louisville, Colorado 80027<br>Tel. (303) 661-9292<br>Fax: (303) 661-9555<br>doug@crlpc.com<br><br>Attorney for Dennis W. King<br>Chapter 7 Bankruptcy Trustee | *[signature]* 7-26-2013<br>Dennis W. King   (Date)<br>P.O. Box 460609<br>Aurora, Colorado 80046-0609<br>Tel. (303) 751-3200<br>KingDJ7@aol.com<br><br>Chapter 7 Bankruptcy Trustee for<br>DEI, LLLP; Dalbey Education<br>Institute, LLC; and IPME, LLLP |

8