IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-1396-RBJ-KLM

FEDERAL TRADE COMMISSION, and
STATE OF COLORADO, *ex rel.*
JOHN W. SUTHERS, ATTORNEY GENERAL

Plaintiffs,

v.

RUSSELL T. DALBEY;
DEI, LLLP;
DALBEY EDUCATION INSTITUTE, LLC;
IPME, LLLP; and
CATHERINE L. DALBEY

Defendants.

---

# ORDER

---

This matter arises from a lawsuit filed by the Federal Trade Commission and the

Colorado Attorney General against Mr. and Mrs. Dalbey in May 2011.  The case was settled in

July 2013 pursuant to a Stipulated Order in which the defendants agreed to pay their maximum

ability to pay ("MAP") – which was to be determined by the government through extensive

financial discovery – in lieu of the full judgment.  As part of the agreement the Dalbeys reserved

the right to challenge the MAP determination.  If they did so, the Court was required to review

the amount.  If the Court found that the MAP was not "objectively unreasonable," the Dalbeys

were bound to pay the sum in full within ten business days.  *See* [ECF No. 283 Part V, A].  If

they failed to do so, the entire judgment in the amount of $330,084,354.70 would enter against

1

them "as equitable monetary relief, which . . . represents consumer injury and disgorgement alleged in the Complaint." *Id.*

In July 2014 the government notified the Dalbeys that their MAP had been calculated at $1,715,808.61.  On motion by the Dalbeys, and after conducting a hearing on the matter, this Court held that the MAP was objectively unreasonable.  [ECF No. 303].  However, after making a number of factual findings, the Court held that it would not be objectively unreasonable if the MAP were reduced to $858,665.  *Id.*  The Court issued its order on December 29, 2014.  The Dalbeys have since failed to make any settlement payments and now the government is back seeking another order from this Court.

On February 2, 2015 the government filed the present motion seeking an order of disgorgement of $858,665 in partial satisfaction of the judgment.  [ECF No. 304].  I have reviewed the briefs, and to put one dispute to rest, when the Court determined that it was not objectively unreasonable to conclude that the Dalbeys could afford to pay $858,665, it was determining in substance that the Dalbeys can afford to pay that amount.  To any extent that might have been unclear – and I do not believe it was unclear to the Dalbeys or counsel – I now make it absolutely clear: the Court finds based upon the evidence presented that the Dalbeys have the present ability to pay $858,665 towards the massive judgment to which they stipulated.

Nevertheless, the government is putting the cart before the horse.  Both sides seem to assume that a judgment has been entered.  This Court has not entered any final judgment for any monetary amount, nor has it been asked to do so.  I interpret the government's motion as implicitly asking that such a judgment enter.  **Accordingly, the Court directs that a final judgment will enter in favor of the Federal Trade Commission and the State of Colorado**

**and against Russell T. Dalbey and Catherine L. Dalbey, jointly and severally, in the amount of $330,084,354.70.**

Mr. and Mrs. Dalbey are liable for disgorgement of the full amount as equitable monetary relief.  Pursuant to this Court's recent determination of their maximum ability to pay, the Dalbeys are hereby ordered immediately to disgorge $858,665.  The government may enforce the Court's judgment by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 10 days following entry of the Final Judgment.  In response to any such civil contempt motion by the government, the defendants may assert any legally permissible defense.  However, the defendants may not put forward any claim that they are unable to pay the $858,665, as their ability to pay this amount has already been fully litigated. As to the remaining $329,225,689.70 due, the government may enforce the Court's judgment through any collection procedures authorized by law, including future orders for disgorgement if it can be ascertained that Mr. and Mrs. Dalbey are able to pay the amounts claimed.

If a motion for contempt is filed, please bear in mind that we are in the Tenth Circuit. Case law from the United States Court of Appeals for the Tenth Circuit or from the United States Supreme Court is binding on this Court.  Law from other jurisdictions may well be persuasive for its reasoning, but this Court always looks first at appellate law that is binding here in Colorado.

## ORDER

Final Judgment will enter as indicated above.  The motion for an order of disgorgement [ECF No. 304] is GRANTED IN PART.

DATED this 6th day of March, 2015.

BY THE COURT:

R. Brooke Jackson
United States District Judge