IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-1396-RBJ-KLM

FEDERAL TRADE COMMISSION, and
STATE OF COLORADO, *ex rel.*
JOHN W. SUTHERS, ATTORNEY GENERAL

      Plaintiffs,

v.

RUSSELL T. DALBEY;
DEI, LLLP;
DALBEY EDUCATION INSTITUTE, LLC;
IPME, LLLP; and
CATHERINE L. DALBEY

      Defendants.

## ORDER

This case is once again before the Court, this time on the government's motion to hold the Dalbeys in contempt. To review, on July 22, 2013 the Court approved an "Amended Stipulated Order for Final Judgment and Order for Permanent Injunction and Other Equitable Relief as to Russell T. Dalbey and Catherine L Dalbey." ECF No. 283. The Stipulated Order purportedly brought an end to the case which was based on a massive telemarketing scam perpetrated by the Dalbeys. Among other things judgment was entered in favor of the government plaintiffs and against Mr. and Mrs. Dalbey, jointly and severally, in the amount of $330,084,354.70, which was characterized as "equitable monetary relief" representing "consumer injury and disgorgement." *Id.* at § V.A.

Apparently recognizing the miniscule possibility that the government would be able to collect such a judgment, the parties created an alternative based upon the Dalbeys' "maximum ability to pay" or "MAP." The MAP was to be set by the government following discovery, and the Dalbeys agreed to pay the MAP amount within 10 days following the government's determination. *Id.* at § V.A. 2. However, the Dalbeys reserved the right to move the Court for a reduction of the MAP. In that event, the Dalbeys agreed to pay the MAP within 10 days after the Court's determination of the MAP. The parties further agreed that the government's determination of the MAP "shall be upheld unless the Court finds it *objectively unreasonable* for Defendants to pay that amount." *Id.* at § V.A. 2, 3. (emphasis added). If the Dalbeys failed to pay the MAP, after the Court's final resolution of that amount, the entire judgment in the amount of $330,084,354.70 would enter against them. *Id.* at § B.2.

In July 2014 the government notified the Dalbeys that their MAP had been calculated at $1,715,808.61. On motion by the Dalbeys, and after conducting a hearing on the matter, this Court held that the MAP was objectively unreasonable. ECF No. 303. However, after making a number of factual findings, the Court held that it would not be objectively unreasonable if the MAP were reduced to $858,665. *Id.* However, the Dalbeys did not make any payment.

The government next filed a motion seeking an order of disgorgement of $858,665 in partial satisfaction of the judgment. ECF No. 304. On March 6, 2015, after reviewing the parties' briefs, I determined that the motion was premature because a final monetary judgment had not been entered. ECF No. 307. However, I also found explicitly that the Dalbeys had the present ability to pay $858,665. ECF No. 307 at 2. I ordered them "immediately to disgorge $858,665," and authorized the government to enforce the Court's judgment by moving for civil contempt at any time after 10 days following entry of the Final Judgment. *Id.* at 3. Finally, the

order permitted the Dalbeys to assert any legally permissible defense to a contempt motion, should one be filed, but the order specified that they could not assert as a defense their inability to pay $858,665, as that amount had already been fully litigated. *Id.*

The Dalbeys did not pay that amount. On March 26, 2015 the Dalbeys' lawyers, who to that point had represented them vigorously throughout this lengthy litigation, moved to withdraw, indicating that their services had been terminated. ECF No. 309. The motion was granted. ECF No. 210.

On May 14, 2015 plaintiff the Federal Trade Commission moved for an order of civil contempt against Mr. and Mrs. Dalbey for violating this Court's disgorgement order. ECF No. 312. In the motion the FTC represents that the Dalbeys had offered unliquidated assets, assignments of interest, checks and wire funds collectively worth no more than $136,708. *Id.* at 2. The FTC further represents that it accepted checks and wire funds totaling $4,569.00 but rejected unliquidated assets because the stipulated final judgment required payment by electronic means. *Id.* Plaintiffs later supplemented the record with an indication that the Colorado Attorney General's Office had received additional funds from "Switch Consignment" of Scottsdale, Arizona totaling $3,760.62 which they had credited against the Dalbeys' debt. ECF No. 316. This brought the Dalbeys' total payment to $8,329.67.

The Dalbeys, representing themselves, responded that their deal with the government was that either they would pay their Maximum Ability to Pay or the $330,084,354.70 judgment would enter, but that in any event, they had relinquished assets worth $2,894,299.41. They added that they are now living cheaply in Belize. ECF No. 315.

The Dalbeys' response misses the point, which is that this Court expressly ordered them to pay $858,665 and found that they had the present ability to pay that amount. I have reviewed

3

the Dalbeys' 67-page attempt to explain how they calculate that they have surrendered assets worth $2,894,299.41, and the FTC's analysis of that amount [ECF No. 312 at 7, 10-11], and I find that the Dalbeys' representation that they have surrendered assets worth that amount is devoid of credibility or substance. The only credible evidence in the record is that the Dalbeys have paid $8,329.67 of the $858,655 they were ordered to pay. They have presented no viable defense to the contempt motion.

Because the Dalbeys have failed and refused to pay the remainder ($850,325.33) of the amount the Court found they had the present ability to pay, imposition of a fine as a contempt sanction makes no sense. The only viable sanction that has any reasonable likelihood of motivating the Dalbeys to purge themselves of contempt is incarceration.

## ORDER

The FTC's motion to hold the Dalbeys in civil contempt [ECF No. 312] is GRANTED. A warrant will issue for the arrest of Russell T. Dalbey and Catherine L. Dalbey whose last known address is Sunset Point No. 6, Placencia, Stann Creek Ca., Belize, and whose last known contact information is rtd1@pressmail.ch, rtd@jumpmail.co, cath@diplomail.ch and cld@jumpmail.co.

DATED this 14th day of September, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge